(Decided June 27th, 1862.)

---

# GOLDSBOROUGH S. GRIFFITH, *vs.* MARGARET C. CLARKE, by *prochein ami.*

Case set down for hearing on motion to dissolve:—afterwards a commission issued by agreement, under which testimony was taken and returned, and the case was then, by agreement, set down for *final decree,* and thereupon the court passed an order *continuing the injunction,* and reserving other questions for further consideration. HELD: that an appeal lies from this order.

A promissory note signed by a *feme covert,* cannot be enforced against her by any proceeding *at law:* a judgment, by default, against her, when sued at law, on such a note, is a *nullity,* and enforcement of it against her separate estate may be restrained, in equity, by injunction.

The principle, that a party cannot impeach a judgment on any ground which might have been pleaded or relied on, as a defence to the suit, does not apply to a case where the defendant is a *feme covert,* and not *sui juris.*

APPEAL from the Circuit Court for Baltimore City.

Bill filed, September 9th, 1858, by the appellee against the appellant and others, charging that the complainant had property settled to her separate use, derived from her father's will; that she is a married woman, and, in the absence of her husband, George B. Clarke, had been induced, by the fraudulent representations of one Lane, his partner, to sign certain notes, her husband being joint maker with her therein; one of which, for $500, found its way in the hands of the defendant, Griffith; and that a suit at law was instituted by him upon it May 26th, 1857, against her and her husband, as joint makers, and judgment by default rendered May 12th, 1858, against both; that she never heard of this suit until a day or two before filing

this bill, and had never been served with process; that on this judgment a *fi. fa.* was issued and levied upon a part of her separate property; that it was not competent for Griffith to sue her at law, and she had a full defence in equity, as the note was obtained from her improperly, and the proceeds never applied for her benefit, and she had not, in any way, made her separate estate liable therefor; nor was it so liable; that the sheriff was about to sell her property under the *fi. fa.*, and if permitted to do so, her damage would be great and irreparable. The bill prays for an injunction to restrain such sale, which was issued.

Griffith answered, admitting that the complainant was a *feme covert*, and was entitled to the equitable interest in the property levied on, the legal estate in which was in trustees, but insists, that it was subject to her full and absolute power of disposition, to the same effect as if she were a *feme sole*. He denies all allegation of fraud in obtaining the note; denies the allegation that process was not served upon her; but even if it was true, and the sheriff made a false return as to her, the proper remedy was an action against him; denies that she was ignorant of the suit, and avers, that during its pendency, and after the judgment, he had frequent conversations with her about it, and she made repeated promises to him to pay it, and said that she considered it a debt of honor; that he took the note without suspicion, relying exclusively upon her well known responsibility, and having suffered judgment by default, she is not entitled to an injunction, (a remedy, not of right, but in the discretion of the court,) to shield her from paying an honest obligation which the court, as a court of equity, would have directed her to pay; that she signed the note for the express purpose of making her separate estate liable, and whether she got any benefit from it or not, does not affect the responsibility of her property thereunder.

By the deed of settlement, dated April 24th, 1851, the property (real and leasehold) was conveyed to trustees, "in trust for the sole and separate use of the said Margaret C. Clarke, for

the term of her natural life, so that she be permitted to collect and receive the rents and profits thereof to her own use, without the let or control of her present or any future husband whom she may have, with full power and authority to her, whether sole or covert, to sell or dispose of" the same "by any instrument of writing in the nature of a will or a deed;" and if she died without having made disposition thereof, then, in trust "for the use and benefit of such person or persons as would be her heirs-at-law of real estate, according to the laws of Maryland." The note, on which the judgment was rendered, is a simple negotiable promissory note, for $500, dated December 23rd, 1853, payable at five months, "to the order of Clarke, Lane & Co., value received," and signed by Margaret Clarke and George B. Clarke.

The motion to dissolve was set down for hearing October 8th, 1858, but afterwards, by agreement, a commission was issued, and testimony (which need not be stated) taken and returned, and on the 21st of April 1860, the cause was, by agreement, submitted for final decree, and the court (KREBS, J.) passed an order, December 1st, 1840, continuing the injunction, being of opinion that the defendant, Griffith, cannot proceed to obtain satisfaction of his claim upon this note, by the proceedings instituted at law, as neither Mrs. Clarke, nor her separate estate, can be made liable at law for the satisfaction of such a contract, but reserving for further consideration the question, whether the separate estate vested in her, by the deed of trust, can be made liable in equity, under these proceedings, for the satisfaction of said note. From this order Griffith appealed, and a motion to dismiss was made by the appellee in this court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*John H. Thomas,* for the appellant.

1st. The order was the proper subject of an appeal, inas-

much as it *determined* the appellant had no right to the fruits of his judgment at law, and only left open the question, whether he was entitled to any other measure of relief or not. An appeal is expressly allowed from an order *granting* an injunction, and *a fortiori* will it lie from an order *continuing* one. The orders which have been considered *interlocutory,* determined no question of right, such for example, as referring a case to the auditor with directions to state an account on which the court *intended* to determine some right in future. The Act of 1835, ch. 380, sec. 3, and the Code, Art. 5, sec. 21, settle conclusively the right of appeal in this case.

2nd. From the evidence, and the return "summoned," there can be no doubt the writ, in the action at law, was duly served on the appellee. But the case was submitted on bill and answer, without replication, and in such a case, the averments of the answer, alleging the writ was served, are to be taken as true. 3 *Md. Rep.,* 505, *Ware vs. Richardson.* 4 *Md. Rep.,* 124, *Mason vs. Martin.*

3rd. The appellee cannot impeach the judgment on the ground of coverture, or any other which could have been used as a defence at law. She not only had notice of the suit at law, and all the proceedings in it, but permitted several terms to elapse without using the defences, or taking any steps which would have availed her at law, and she is, therefore, estopped from asking the aid of a court of equity. Equity will not restrain execution on a judgment at law in any case, unless it would be inequitable, unconscientious and unjust, to allow it to be enforced, and the complainant had no opportunity of making the defence at law. 10 *G. & J.*, 362, *Fowler vs. Lee.* 2 *Md. Rep.,* 320, *Brumbaugh vs. Schnebly.* Equity and good conscience certainly did not entitle the appellee to be relieved from payment of a note to indemnify her for which she had received an assignment of property. In *Bridges vs. Mc-Kenna,* 14 *Md. Rep.,* 258, the effort was to make the wife's earnings, secured to her by Act of Assembly, responsible for her husband's debts, for which she had incurred no responsibility.

4th. If the appellant had sought the aid of equity to incumber the appellee's property, proof of her intent to produce that result, would have been necessary. But even in such a case it may be found *elsewhere* than in the note. The fact of her promising to sell her separate property to pay the note, and having no other means of doing so, would be evidence of such intent, and the court would enforce it. 16 *Md. Rep.*, 550, *Koontz vs. Nabb.* Permitting judgment to be rendered against her, was a mode of binding her equitable estate. *Code, Art.* 83, *sec.* 1. She had a right to dispose of it by deed or will. An incumbrance by judgment will not be restrained. 7 *H. & J.*, 318, *Price vs. Bigham.* 1 *G. & J.*, 228, *Tiernan vs. Poor.* No one else had any interest in the property, except such as she chose to leave as her heirs. In no such case has an incumbrance, however created by the party beneficially entitled, been interfered with by a court of equity. The sole object of the deed was to protect her against *involuntary* liability for her husband's debts, not against such as she chose, for a satisfactory consideration, to assume.

*Thos. B. Shipley* and *Geo. H. Williams* for the appellee:

The appeal should be dismissed. The case was submitted for final decree, which was a withdrawal of the motion to dissolve, and until final decree settling some right, there was nothing from which an appeal could be taken:—the order merely continued the injunction, settled no right and reserved other matters for the further consideration of the court. 6 *H. & J.*, 114, *Snowden vs. Dorsey.* 1 *G. & J.*, 308, *Hagthorp vs. Hook.* 3 *G. & J.*, 426, *Roberts vs. Salisbury.* But the order should also be affirmed on the merits, because:—

1st. The action at law being founded on a pretended contract made by the appellee while covert, she could not be joined as a defendant, and the judgment was a nullity as to her. 2 *Roper on Hus. & Wife*, 126. 2 *Bright on Hus. & Wife*, 79. All covenants and agreements of a *feme covert*, (except in regard to her separate property,) are null and void at law,

as she cannot be compelled to perform them whether entered into by herself or on her behalf by her husband, with or without her consent;—all legal proceedings to enforce such, are fruitless and illegal, (4 *Gill,* 487, *Burton vs. Marshall;* 21 *Barb.* 549, *Coon vs. Brook;* 3 *Whart.,* 309, *Dorrance vs. Scott;* 6 *Ala.,* 737, *Vance vs. Wells,*) and she is only compelled to perform them in equity when the obligation sought to be enforced, *presents upon its face* evidence of her intent to charge her estate, or there be evidence of such intent *aliunde.* 16 *Md. Rep.,* 554, *Koontz vs. Nabb.*  83 *Eng. C. L. Rep.,* 262, *Neve vs. Hollands.*

2nd. A married woman has no power over her separate estate, but what is specially given, and this must be exercised only in the mode prescribed, if it be prescribed.  4 *Md. Ch. Dec.,* 68, *Tarr vs. Williams.*  5 *Md. Rep.,* 220, *Miller & Mayhew vs. Williamson.*  4 *Md. Ch. Dec.,* 417, *Williams vs. Donaldson.* 65 *Law Lib.,* 370, *et seq.*  11 *Md. Rep.* 492, *Cooke vs. Husbands.*  This deed of trust settles the property upon the wife for certain purposes, and prescribes the mode in which she may dispose of it, and she can dispose of it in no other way.

3rd. A married woman cannot appear by attorney, but the husband appoints an attorney when they are jointly sued.  1 *Arch. Pr.,* 25.  If, as here, the husband neglects or refuses, equity cannot refuse to throw around the wife protection from that which she could not prevent.  She had no standing in the court of law to plead to the *nar.,* nor to move to strike out the judgment, nor to sue the sheriff for a false return, independent of the will of her husband, who it is to be assumed in this case suffered judgment by default, that *his* debts might be paid out of *her* property.

4th. The separate estate of a married woman can only be sold under a judgment or decree against *rem ipsam,* and if at suit of a creditor it must be founded on her own contract charging the estate, or for the benefit of the estate.

5th. The remedy here was properly sought, because, whatever appertains to the separate property of a married woman

has always been a peculiar subject of the jurisdiction of courts of equity. 14 *Md. Rep.*, 258, *Bridges & Woods vs. Mc-Kenna.*

BARTOL, J., delivered the opinion of this court.

In this case the motion to dissolve the injunction was set down for hearing on the 8th day of October 1858; afterwards, by agreement of the solicitors, a commission to take testimony was issued, which was returned, and on the 21st day of April 1860, the cause was, by agreement, set down for final decree. Whereupon the Circuit court, on the 1st day of December 1860, passed an order continuing the injunction, and reserving for further consideration the question, "whether the separate estate of the complainant can be made liable in equity, under these proceedings, for the satisfaction of the promissory note" held by the appellant, Griffith. From that order this appeal was taken, and the appellee has moved this court to dismiss this appeal, because no final decree has been passed settling the rights of the parties.

In the opinion of this court, the motion ought to be overruled and the appeal retained.

By the Acts of 1835, ch. 346, and ch. 380, an appeal is allowed from an order refusing to dissolve an injunction. (See *Code, Art.* 5, *sec.* 21.) This right, granted in express terms, is not defeated because the case had been set down for final hearing, and other questions were reserved for further consideration by the Circuit court.

We concur with the judge of the Circuit court in the propriety of refusing to dissolve the injunction. The promissory note, signed by Mrs. Clarke, could not be enforced against her by any proceedings at law. It is immaterial for us to inquire, whether she was ever actually summoned by the sheriff or not; the judgment entered against her by default was a nullity, and can no more be enforced against her at law than the note sued on.

The principle, that a party cannot impeach a judgment on

any ground which might have been pleaded or relied upon as a defence to the suit, does not apply to a case like this, where the defendant is a *feme covert*, and not *sui juris*.

Persons in the condition of the appellee are not competent to employ an attorney. If she had appeared in the suit at law by attorney employed by her husband, and her coverture had been pleaded in defence to the action, the court would have allowed the plea. But the question here is, whether the defendant, being sued at law on a personal contract, altogether void at law, is to be prejudiced by the entry of a judgment by default against her, for non-appearance? In our opinion, such a judgment is, at law, merely void, and was properly enjoined by the Circuit court.

In support of these conclusions, it is sufficient to refer to the authorities cited by the appellee's counsel under the first and second points of their argument.

We affirm the order of the Circuit court refusing to dissolve the injunction, and forbear to express any opinion on the question reserved by that court for future consideration.

*Order affirmed and cause remanded.*

(Decided June 27th, 1862.)