JASPER BROWN *vs.* ANNA B. KEMPER, by her next friend, JOHN KOLBE.

*Liability of a Wife's Separate Estate for a Tort by her— Pleading—Judgment by default.*

Husband and wife, in an action at law, were jointly declared against, as having committed a wrong, from which it was claimed, damages resulted. A judgment by default was rendered against them jointly ; the amount of the damages were determined by inquisition and an execution was issued, and levied upon the separate estate of the wife. HELD :

That the judgment being in an action for a tort, was not void at law ; that the amount though determined by inquisition was as effectual as a verdict

found upon issues, and that the fact that the property levied on, was the separate estate of the wife, did not justify an injunction to restrain execution.

The action not being to subject the wife's property to the payment of the husband's debts, nor to enforce her contract in relation to her separate estate, but, against the wife, *per invitum*, as well as the husband, for a tort of the wife, the judgment recovered therein may be enforced against her separate estate.

In an action for a tort by a *feme covert*, during coverture, or before coverture, the husband and wife must be jointly sued.

APPEAL from the Circuit Court of Baltimore City.

This is an appeal from a decree of the Circuit Court of Baltimore City, perpetuating an injunction to restrain execution upon a judgment rendered in an action at law. The facts of the case will appear sufficiently stated in the opinion of the Court.

The cause was argued before BOWIE, C. J., BARTOL, WEISEL and CRAIN, J.

*Thomas A. Hopkins* and *Patrick M'Laughlin,* for the appellant, contended:

1. That the action at law against husband and wife for a tort, was properly instituted; and the declaration made a good legal cause against husband and wife. *Estill and Wife vs. Fort,* 2 *Dana,* 238; *Phillips vs. Phillips,* 7 *B. Monroe,* 268; *Roadcap and Wife vs. Sipe,* 6 *Gratt.,* 213; *Vine vs. Saunders,* 33 *Eng. Com. Law R.,* 290.

2. A judgment by default is as binding as any other judgment. *Green vs. Hamilton,* 16 *Md. Rep.,* 317.

3. Proof taken under an *ex parte* commission, in support of the allegations of the bill, should be such, as would be exacted of the complainant, if by the answer they were neither confessed nor denied. *Oliver vs. Palmer and Hamilton,* 11 *Gill & John.,* 426.

4. Where two Courts have concurrent jurisdiction of

the same cause, that Court which first acquires jurisdiction of the cause, shall retain it. *Albert and Wife vs. Winn and Ross et al.*, 7 *Gill*, 446. And this is a matter, too, of which the Court will, of its own motion, take notice. *Withers et al. vs. Denmead*, 22 *Md. Rep.*, 135.

5. By making the motion to strike out the judgment in a Court of law, the appellee waived her right to apply to a Court of Equity, at least until redress was refused her in a Court of law. *Henderson & Ross vs. Gibson, Garn. of Johnson*, 19 *Md. Rep.*, 234.

6. If the complainant make a case by her evidence, by which she shows that she is not entitled to the relief prayed for, then this Court will reverse the decree. *Oliver vs. Palmer & Hamilton*, 11 *Gill & John.*, 426.

7. The appellee could have taken an appeal from the judgment at law, but it may be said, that by the judgment by default, and the inquisition, she would be barred from excepting to the testimony for insufficiency, or other cause. This is true, but it results from her fault. If the declaration do not show a good cause of action, she can successfully appeal from it, and therefore she has not exhausted her remedy at law. If the declaration show a good cause of action, the testimony in this case is far short of making a good case for an injunction.

*H. Clay Dallam*, for the appellee.

In the absence of proof to the contrary, this Court will assume the verity of the statements made in an interlocutory decree under the Act of 1820, ch. 161, and that it was legitimately passed. *Long vs. Long*, 9 *Md. Rep.*, 348; *Calwell vs. Boyer*, 8 *G. & J.*, 148; *Fitzhugh et al. vs. McPherson, Adm'r of Neth*, 3 *Gill*, 408; *Code Pub. Gen. Laws, Article* 16, *sections* 100, 115, 117; *Code Pub. Gen. Laws, Art.* 5, *sec.* 26.

The judgment recovered in the Superior Court, so far as the appellee was concerned, was null and void; she

Brown *vs.* Kemper.

never appeared by an attorney in that suit ; and even if she had, it would not, in any way, have affected her rights. She was a *feme covert* and not *sui juris*, and not competent even to employ an attorney. Not only was the interposition of a Court of Equity properly invoked by her, but it was the forum which alone could grant the relief she desired. Whatever appertains to the separate property of a married woman, has always been a peculiar subject of the jurisdiction of Courts of Equity. *Griffith vs. Clark*, 18 *Md. Rep.*, 463; *Bridges & Woods vs. McKenna*, 14 *Md. Rep.*, 261; *Wallingsford vs. Wallingsford*, 6 *H. & J.*, 485 ; *Burton et al. vs. Marshall*, 4 *Gill*, 487 ; *Norris vs. Lantz & Hyde*, 18 *Md. Rep.*, 261.

The Code declares that the property of a *feme covert* "shall be protected from the debts of the husband, and not liable, in any way, for the payment thereof." A debt "is any claim for money." *Code Pub. Genl. Laws*, *Art.* 45, *sec.* 1.

And if "a married woman" having a *separate estate*, cannot affect that separate estate, unless the obligation sought to be enforced, presents upon its face some evidence of the *intent* to charge the estate, or there be evidence *aliunde* tending to prove such intent," (*Koontz vs. Nabb*, 16 *Md.*, 549) it can hardly be contended that under the very vague and loose declaration which set forth the appellant's case in the Superior Court, such a result can be attained. In that declaration not only is not the interest of the wife stated distinctly and affirmatively, but it is not stated *at all*—the joinder of her was therefore improper, and she not being *sui juris*, and never having appeared to the suit, she can *now* impeach the judgment. And this Court has decided, that "where a suit is in the joint names of husband and wife, the *interest of the wife must be stated distinctly* and affirmatively in the declaration, otherwise the joinder is improper." *Ridgeley vs. Crandall & Wife*, 4 *Md. Rep.*, 435 ; *Stirling et al. vs. Garritee*,

18 *Md. Rep.*, 468; *Griffith vs. Clarke*, 18 *Md. Rep.*, 464; *Barr & Wife vs. White*, 22 *Md. Rep.*, 259; 1 *Chitty's Pleading*, 74, 75; *Higdon vs. Thomas*, 1 *H. & G.*, 139.

A *feme covert* can only be sued for her own *actual wrong* or trespass, and cannot become a trespasser, merely by her previous or subsequent assent during coverture. 1 *Chitty's Pleading*, 82, (66.)

Where the wife commits theft or burglary or any civil offence, in the company of her husband, the law construes it to be done by his coercion, excuses her, and he alone is responsible. 1 *Hale P. C.*, 45; 3 *Thomas' Coke*, 528, *and notes;* 4 *Black. Com.*, 29; *Hasbrouck vs. Weaver*, 10 *Johns.*, 247.

An action will not even lie against both for a *tort*, unless there is proof that the wife committed it, along with the husband. 2 *Bright on Husband and Wife, sec.* 8, *p.* 80; 2 *Kent's Com.*, 150 (7th *Edition*); *Berry vs. Harper*, 4 *G. & J.*, 467; 1 *Chitty's Plead.*, 85.

In some cases a *tort* by the husband and wife is considered, in law, as the act of the former; thus *trover* lies against the husband *alone*, on a conversion by both.

But, whether the judgment recovered in the Superior Court against the appellee and her husband, is or is not, as to her, a nullity; it is clear, that the *separate estate* of the married woman cannot be seized, on an execution, at law, to satisfy it. The property levied on was the *separate property* of the wife, conveyed to her *directly*, by deed from the grantor. *Smith, Ex'r of Smith, vs. Morgan*, 8 *Gill*, 133; *Bridges & Woods vs. McKenna*, 14 *Md. Rep.*, 267, 268.

Even in a case where it is proven that, jointly with her husband, she was a wrong-doer, and judgment recovered against both, it is submitted that under the laws of Maryland, her *separate estate*, could not be subjected, by any proceeding at law, to satisfy the judgment, but could only be charged by a proceeding in equity.

WEISEL, J., delivered the opinion of this Court.

This appeal is from an order perpetuating an injunction. After the injunction itself had been granted and the writ served, the complainant below proceeded, under an interlocutory order, obtained by reason of the failure of the defendant (the appellant) to appear to the subpœna, to take proof *ex parte* in support of her bill, and upon its return, to obtain the final order appealed from, perpetuating the injunction. We are therefore to examine this proof and the bill of complaint, to ascertain whether there was error or not in this final order. The proof simply verifies the facts alleged in the bill, that Anna Barbara Kemper, the complainant, (suing by a next friend) is the wife of Henry Kemper, to whom she was lawfully married in July, 1859; that she is the grantee in the deed exhibited with the bill, and is still the owner of the property thereby conveyed; that she is the identical person named in the suit at law of Jasper Brown against Henry Kemper and Mary Barbara Kemper, his wife, and that she was inaccurately summoned in said suit by said name of Mary Barbara Kemper; that she and her husband were still living and resided in Baltimore county. The exhibits with the commission were the deed of the city of Baltimore to Anna Barbara Kemper, dated 11th February, 1863, for certain real estate in Baltimore city in fee; and the record of a suit at law in the Superior Court of Baltimore City, in which Jasper Brown (the appellant) was plaintiff and Henry Kemper and *Mary* Barbara. Kemper, his wife, were defendants, which resulted in a judgment upon an inquisition, on a judgment by default for want of plea; and a *fieri facias* was issued thereon and levied on the property conveyed by the said deed. A motion to strike out the judgment was entered after the issuing of the *fi. fa.*, but this seems to have been abandoned. The record does not show any further proceeding upon it. The next step

taken was the bill of complaint, filed on behalf of Mrs. Kemper, in the Circuit Court of Baltimore City, praying for the writ of injunction against the said Brown and the sheriff, restraining them, &c., from levying the *fieri facias* on said property to satisfy said judgment; and for a subpœna to answer. The injunction was ordered and issued the same day. The allegations upon which the injunction was granted, were that in the suit at law it was falsely alleged that the plaintiff had sustained damages through the *tort* and *wrongful act of Henry Kemper*, the husband; that a judgment was obtained by default, *against both*; that this and the subsequent proceedings by inquisition and judgment thereon, resulted from the gross negligence and inattention of the attorney employed, but without any agency of the complainant; that the judgment as to her is a nullity and without legal effect; and that the property levied on under the *fi. fa.* is her sole and separate estate, and the title thereto will be seriously affected and clouded, and its value impaired by the proceeding under it. The record of the judgment at law was not exhibited with the bill, but only the docket entries, which did not disclose the true nature of the suit. It appears from the record, put in evidence under the commission, that the defendants, husband and wife, were jointly declared against, as having committed a wrong, from which the damages claimed, resulted.

In an action for a tort by a *feme covert*, during coverture or before coverture, the husband and wife must be jointly sued. 1 *Chitty's Pl.*, 81, 92. The judgment was rendered against them jointly. And although it was a judgment by default, and the amount found by inquisition, the finding was as effectual as a verdict found upon issues. If injustice be done, it is the fault of the defendants, who could have participated in the inquiry. *Green vs. Hamilton*, 16 *Md. Rep.*, 329. And for any negligence or inattention of the attorney employed, a Court of Equity can

afford them no relief. The judgment, therefore, being in an action for a tort, is not void at law, and this Court cannot so regard it. It is different, essentially, from the case of *Griffith vs. Clarke*, 18 *Md.*, 457. That was an action upon *a contract* entered into by a *feme covert*, which could not be enforced against her by any proceedings at law, as has been repeatedly determined. Is there anything in the fact that the property levied on was the separate estate of the wife, to justify the continuance or perpetuation of the injunction? This question may be new and must be determined upon principle. In this State all property, real and personal, belonging to a woman at the time of her marriage, or subsequently acquired (except from the husband after marriage in prejudice of subsisting creditors,) shall be held for her separate use, and protected from the debts of the husband, and not be in any way liable for the payment thereof. 1853, *ch.* 245 *and Code of Pub. Gen. Laws, Art.* 45 ; *Unger & Wife vs. Price*, 9 *Md. Rep.*, 552 ; *Schindell vs. Schindell*, 12 *Md. Rep.*, 294. And if the case before us, were one in which it was attempted at law, to subject the wife's property to the payment of the husband's debts, or to enforce her contract in relation to her separate estate, there would be no difficulty in sustaining the decree of the Court below. But we think a different rule must be applied, when a judgment like this is to be enforced. The debt is one, not of contract nor of the husband, but against the wife, *per invitum*, as well as the husband, for a tort of the wife. We are not at liberty to draw any other inference from the record in the action at law, as to the character of the wrong complained of, and for which damages were assessed by the inquisition. In cases where the wrong is done by the wife herself, Courts in England have refused to discharge the wife, who had been taken in execution upon a judgment against her husband and herself, where it appeared that the wife had a separate property. *Pitts vs. Mella et ux.*, 2 *Stra.*, 1167 ;

43 v. 27

*Finch vs. Duddin, ib.* 1237 ; *Lanstaff vs. Rain,* 1 *Wils.,* 149 ; *Newton & Wife vs. Rowe,* 7 *Man. & Grang.* (49 *Eng. C. L. R.*) 330 ; *Macqueen on Husb. & W.* (59 *L. L.*) 40, 41, 125 ; *Tidds' Pr.,* 9*th Ed.,* 1026. If the wife can thus be made liable at law for a wrong committed by her, there seems to be no reason to resort to Equity, to subject her separate estate to the satisfaction of the judgment. If her person cannot be discharged, when she has an estate of her own, from the demands of a *ca. sa.* (where that writ is in use) there would be the less reason for discharging the property itself, if that were taken in execution. To avoid circuity and prevent an accumulation of costs, the better rule would be to let the execution proceed. The proceeding in this case was by interlocutory decree (Code, Art. 16, sec. 115,) and conducted to a final decree in the same manner, as if the defendant had appeared and put in his answer. Had the Court below entertained the views expressed in this opinion, the injunction would not have been continued, as no further proceedings were necessary, and the bill and proof would not sustain the injunction. The injunction would, therefore, necessarily have been dissolved and the bill dismissed. To this result our consideration of the case has conducted us ; but we will order each party to pay his own costs.

*Decree reversed, Injunction dissolved*
*and Bill dismissed—each party to pay*
*his own costs, above and below.*

(Decided 12th November, 1867.)