John F. Lowekamp, Executor of John H. Lowe-kamp *vs.* Julius F. J. Koechling, and Magnus Koechling.

*Judgment by Confession against Husband and Wife—Act of 1872, ch. 270.*

A judgment by confession against a husband and wife under a power of attorney given by them for that purpose, is invalid so far as the wife's property is concerned, such judgment not being based "on any note, bill of exchange, single bill, bond, contract or agreement" executed by her jointly with her husband, as provided by the Act of 1872, ch. 270.

Appeal from the Circuit Court of Baltimore City.

This appeal was taken from a decree of the Circuit Court of Baltimore City, passed the 28th of November, 1884, which declares two judgments rendered by the Court of Common Pleas of Baltimore City in favor of John H. Lowe-kamp, the appellant's testator, against Francis A. Gres-hoff, and Julia, his wife—the one on the 8th of April, 1875, for $894.59 and costs, and the other on the 4th of April, 1877, for $656.60 and costs—to be utterly null and void as against the interest which the said Julia Greshoff previously had in certain leasehold lots of ground on South Broadway, and on Bethel street, in the City of Baltimore, which interest she, together with her said husband, conveyed to the appellees by deed dated the 15th of December, 1883, and which decree also enjoined and prohibited the appellant from instituting any further proceedings whatsoever to enforce the said judgments, or either of them against the said property so as aforesaid conveyed to the appellees. The judgments in question were entered by confession under a power of attorney, given by the said Francis A. Greshoff and Julia, his wife. The case is further stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., STONE, MIL-LER, ROBINSON, RITCHIE, and BRYAN, J.

*Michael Bannon*, for the appellant.

*William Reynolds*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

Prior to the Act of 1872, chap. 270, no action would lie *at law* against a married woman upon any agreement or contract made by her; and a judgment *in personam* against her, (except for debts and liabilities incurred under the trader's license Act of 1862), was without any binding force—it was in fact a nullity. *Griffith vs. Clark,* 18 *Md.,* 457.

The Act of 1872, ch. 270, provides, however, that a married woman may be sued *at law* jointly with her husband, on any note, bill of exchange, single bill, bond, contract or agreement, which she may have jointly executed with her husband. The liability of the wife to be sued, it will be observed, is confined to *agreements or contracts jointly made with her husband*—in other words, *the cause of action,* on which the suit is brought, must be a joint contract or agreement made with her husband. Unless such be the character of the cause of action, the wife cannot be sued at law, and if sued, she has no power to employ counsel and confess judgment, for the reason that no such power is conferred by the Act of 1872.

Now the judgments in this case were not rendered on any "note," "bill of exchange," "single bill," "bond," "contract," or "agreement," jointly made by the husband and wife. The cause of action itself is not filed, but the plaintiff in his declaration seeks to recover on the common money counts. No where does it appear that the suit was brought on a contract or agreement made with the husband and wife. On the contrary, it was argued, that the

jointexecution of the power of attorney by the husband and wife, was sufficient under the Act, irrespective of the cause of action to which the power of attorney referred,— that is to say, the wife has the power to appear and confess a judgment upon a contract made by the husband, or for an indebtedness incurred by him. There is nothing in the Act to justify this construction. The language is plain and unambiguous. The contract or agreement upon which the suit is brought must be a joint one ; unless it be joint, the wife cannot be sued, and if sued she cannot confess a judgment, so as to bind her. If this be so, the two judgments now sought to be restrained are invalid, and without any binding force so far as the wife's property is concerned. Such judgments are unaffected by the Act of 1872.

The decree of the Court enjoining the execution of the two judgments against the wife must therefore be affirmed.

*Decree affirmed.*

