(Decided 24th June, 1885.)

---

## JOHN AHERN *vs.* CATHARINE FINK.

*Attachment—Married woman as Garnishee—Default—Injunction.*

An attachment was laid in the hands of a married woman as garnishee, returnable before a magistrate. She failed to appear, and a judgment of condemnation was rendered against her for the amount

of the debt, $63.76, with interest and costs. Between the time the attachment was laid and the judgment was rendered, the husband of the garnishee died. On a bill filed to restrain the execution of the judgment, it was HELD:

That having failed to appear, as it was her duty to do, in person, or by agent or attorney, and avail herself of any defence which she might have, whether of coverture or other, she had no standing in a Court of equity to obtain relief against a judgment rendered against her by her own default, in the absence of clear proof of fraud or surprise, unmixed with negligence or fault on her part.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the dissenting opinion of Judge MILLER.

The cause was argued for the appellant, before ALVEY, C. J., MILLER, ROBINSON, RITCHIE, and BRYAN, J., and submitted for the appellee.

*John F. Preston,* for the appellant.

*Rufus W. Applegarth,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

There is no excuse offered or justification shown for the non-appearance of the appellee to the attachment proceeding before the magistrate, to show cause, if any she had, why judgment of condemnation should not be entered against her as garnishee of the defendant in the attachment. It is not pretended that the attachment was not laid in her hands, and it is made apparent that she was notified to appear and show cause against condemnation. The only ground upon which she can seek to be relieved of the judgment against her is that she was a married woman at the time the attachment was served, though she was under no such disability at the return day of the

Ahern *vs.* Fink.

process, and when the judgment of condemnation was entered. Her husband died several days before the attachment was returned, and clearly she should have appeared and interposed her defences, whatever they may have been. The case relied on, of *Griffith vs. Clarke,* 18 *Md.,* 457, to exonerate the appellee from the binding effect of the judgment of condemnation, has no application to this case. There the judgment at law was rendered against husband and wife by default, upon a joint promissory note made by the husband and wife during the coverture. As the law then stood, the decision in that case, restraining the execution of the judgment, was correct enough; but the law has been materially modified by legislation since that case arose.

By the Act of 1862, ch. 49, any *féme covert,* licensed to trade or carry on business, is authorized to contract, and is declared to be responsible for all contracts "made in the prosecution of her business under such license, and shall be liable to be sued therefor in any of the Courts of the State, as if she were a *féme sole ;* and if judgment be obtained against her on any contract, execution shall or may issue in the ordinary way to affect her separate estate." And by the Act of 1872, ch. 270, a married woman is made liable, and may be sued jointly with her husband, upon any contract or agreement made in writing jointly with her husband ; and any judgment recovered on such contract or agreement may be collected by execution, as if the defendants were not husband and wife. And so by the Act of 1882, ch. 265, married women are authorized to contract in certain cases, without regard to their husbands, and are made liable to suits at law as if they were *fémes sole ;* and the right of execution is given to the judgment creditor. Therefore, if the appellee was liable upon any contract, thus authorized to be made, for the payment of money, there could be no possible reason why such money could not be attached in her hands, as it could be in the hands of any other person.

There was clearly no want of jurisdiction by the justice to render the judgment; and if the disability of coverture could afford defence, it was incumbent upon the appellee to appear and avail herself of it. This she wholly neglected to do; and the judgment was rendered against her when she was *sui juris*, and liable to be treated as a party in default. She was then under no disability, and she could only be treated as any other defaulting party would be for default of appearance and answer. And having failed to appear and avail herself of her defences, if any she had, she has no standing in a Court of equity to obtain relief against a judgment rendered against her by her own default, in the absence of clear proof of fraud or surprise, unmixed with negligence or fault on her part. The appellee was bound to be present before the magistrate in person, or by agent or attorney, to take care of her rights and to make proper defences for her protection, and she cannot make the omission to perform that duty, incumbent upon every defendant, the foundation of relief by injunction to restrain the execution of the judgment. The case of *Gott vs. Carr*, 6 *G. & J.*, 309, would seem to be a conclusive authority against the present application.

This being the view of a majority of the Court, the decree will be reversed, and the bill be dismissed, with costs.

*Decree reversed, and*
*bill dismissed.*

(Decided 24th June, 1885.)

Judge MILLER delivered the following dissenting opinion, in which Judge RITCHIE concurred:

A judgment at law against a married woman, obtained in an action *ex contractu*, and upon a cause of action arising after marriage, unless it be for a debt contracted by her under section 7, Art. 45 of the Code as amended by the

Act of 1882, ch. 265, or upon such an obligation in writing signed by her and her husband as is specified in the Act of 1872, ch. 270, is absolutely void, whether it be recovered upon trial of the case, or by default, or by confession, or whether rendered by a magistrate or a Court of record, and she may seek relief in equity by injunction whenever it is attempted to be enforced against her separate property. *Griffith vs. Clarke*, 18 *Md.*, 457. It is void for want of jurisdiction over the person, and if rendered by a justice of the peace she is not precluded from relief in equity because of her failure to take an appeal in order to have it reversed. The doctrine announced in *Brumbaugh vs. Schnebly*, 2 *Md.*, 320, and *Dirickson vs. Prideaux* there cited, has no application to such a case. In those cases the judgments were confessed before the magistrates by parties *sui juris* and capable of being sued.

The present appeal is from an order or decree making perpetual an injunction which restrains the execution of a judgment which the appellant had obtained against the appellee. From the bill, answer and proof it appears that the appellant having a claim or judgment of less than $100 against William B. Fink, a son of the appellee, caused an attachment thereon to be laid in her hands as garnishee, returnable before a magistrate. She failed to appear, and the justice, upon an *ex parte* trial, rendered a judgment of condemnation against her for the amount of the debt, $63.76, with interest and costs. She was married at the time the attachment was laid in her hands, but her husband died four days before the judgment was rendered. There is no proof that the appellee became indebted to her son while carrying on business as a *féme sole* trader, or that she was indebted to him upon any contract or obligation, such as those mentioned in the Act of 1882, ch. 265. The appellant, in his answer to the bill, avers that her said son was in her employment, and that he had and has credits in her hands, growing out of his salary,

largely in excess of the judgment against her, as garnishee in the attachment suit. Under this averment we must assume that such was the character of the credits sought to be attached and condemned. It is plain that her son could not have sued his mother at law for such a claim; and being a married woman at the time the attachment was laid in her hands, she could not be made a garnishee in respect to such credits, and the proceeding against her was consequently void *ab initio.* A judgment of condemnation founded upon an attachment thus void in its inception could not, in my opinion, be made valid by the fact that the disability of coverture happened to be removed before the judgment of condemnation was actually rendered.