## Conlyn et al. *versus* Parker for use of Watts in trust for Parker.

1. The plea of coverture to a *scire facias* to revive and continue the lien of a judgment, entered on the warranty attorney, in the bond of a married woman, is not a denial of the existence of the judgment, on which the *scire facias* issued, nor an averment of the satisfaction or the discharge thereof; it is therefore inappropriate and insufficient to prevent the entry of judgment, and it is not error for the court to strike it off.

2. P. C. & St. Louis R. R. Co. *v.* Marshall, 4 Norris, 187; Dowling *v.* McGregor, 10 Id., 410, followed.

May 5th, 1886.    Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J. absent.

ERROR to Court of Common Pleas, of *Cumberland county:* Of January Term, 1886, No. 420.

This was an action on a *scire facias* brought by John B. Parker, for the use of Frederick Watts in trust for Sarah R. Parker against Thomas Conlyn and Margaret Barber to revive and continue the lien of judgment No. 174, January Term 1874.

Pleas, payment with leave and as to Margaret Barber the additional plea of coverture.

She also filed the following affidavit of defence: Margaret Barber, one of the defendants above named, being duly sworn says, that the lien of judgment No. 174, January Term 1874,

should not be revived against the property of this deponent; because judgment No. 174, January Term, 1874, was the revival by amicable confession of judgment, of a judgment entered, upon a bond with warrant of attorney etc., executed by deponent, June 26th, 1868, to No. 185, January Term, 1869; and at that date deponent was a married woman. Her husband, Joseph Barber, was then living and lived until the 3d of February, 1881.

Deponent is advised that the original bond and warrant, dated June 26th, 1868, and the amicable confession of revival to No. 174, January Term, 1874, were null and void, because executed by a married woman, and therefore, that the last named judgment cannot be revived against her.

Thomas Conlyn did not file an affidavit of defence. The plaintiff moved to strike off the plea of coverture and enter judgment against the defendants for want of a sufficient affidavit of defence.

The Court, HERMAN, P. J., granted the motion and entered judgment against the defendants for want of a sufficient affidavit of defence, filing the following opinion:

It cannot be said that the judgment sought to be revived in this case is void on its face, for nowhere does the fact of marriage appear either in the record of the original judgment entered to No. 185, January Term, 1869, or in that of its revival to No. 174, January Term, 1874, as was the case in Dorrance *v.* Scott, 3 Wharton, 308 ; Caldwell *v.* Walters, 6 Harris, and Quinn's Appeal, 5 Norris, 453. The judgment stands against Thomas Conlyn and Margaret Barber, simply, and is, on its face, a perfectly good judgment, which for anything appearing of record therein would not be reversed. Instead of joining issue with the defendant on the plea of coverture, as was done in Seymour *v.* Hubert, 11 Norris, 499, this plaintiff moves to strike off the plea, and demands judgment under the rules, for want of a sufficient affidavit of defence. This he may do. On a *scire facias* to revive a judgment, no defence can be made except for matters arising subsequent to the judgment, the merits of the original judgment cannot be inquired into so as to admit a defence which might have been set up in the original suit: Seymour *v.* Hubert *supra*, 1 Trickett on the Law of Liens, sections 227, 228 and 229. In Seymour *v.* Hubert, it was said: "Instead of an application to open the original judgment, the coverture of each of the makers of the note was severally pleaded and denied in the replication. The defendant in error did not demur to the sufficiency of the plea, nor move to strike it off, but accepted the issue tendered. It was substantially the same as if it had been framed in the original judgment. The defendant in

error thereby waived her right to exclude the evidence of coverture." But here the plaintiff declines to accept the issue tendered and moves to strike off the plea, and this he is entitled to have done, for he has not in any way waived his right to exclude the evidence of coverture. The plea being stricken off, the plaintiff will be entitled to judgment for want of a sufficient affidavit of defence. The affidavit sets up nothing more than the coverture of Margaret Barber as a defence, and as has been seen this is clearly insufficient on a *scire facias* to revive a judgment, the coverture having existed at the time of the giving of the original judgment and the fact nowhere appearing in the record thereof or of its revival.

And now: March 25th, 1884, It is ordered and adjudged as follows: The plea of coverture entered on behalf of Margaret Barber, one of the defendants, is stricken off, and thereupon judgment is entered for the plaintiff against both defendants named in the writ, for want of a sufficient affidavit of defence, for the amount of the debt and interest of the judgment sued for, to wit: the sum of six hundred and forty-nine dollars and thirty-two cents ($649.32.)

The defendants thereupon took this writ, assigning for error the order of the court striking off the plea of coverture and entering judgment against the defendants for want of a sufficient affidavit of defence.

*Stuart* (*Hepburn, Jr.* with him), for plaintiff in error.—A judgment confessed by a married woman is void: Dorrance v. Scott, 3 Wh., 309; Schlosser's Appeal, 8 P. F. S., 493; Wells v. Van Dyke, 10 Out., 111; Speer v. Sample, 4 Watts, 367.

In very few states is the judgment of a married woman held, as in Pennsylvania, to be an absolute nullity. The courts of Maryland and Missouri, however, agree in this with their own.

In the former, Griffith v. Clark, 18 Md., 457, it is said "the principle, that a party cannot impeach a judgment on any ground that might have been pleaded as a defence, has no application to the case, because the defendant was not competent to employ an attorney to present her plea." This decision was quoted, applied, and the reasons therefor approved by the court in Higgins v. Peltzer, 49 Missouri, 152. When the purchaser at a sheriff's sale on such judgment would take no title; when a married woman could take advantage of coverture even against such innocent purchaser for value, without notice, why should she be compelled to ask that to be opened, which unopened is void. It is only when a *scire facias* is issued, as in this case, after the death of the husband,

that she has,. for the first time, her day in court, and is called upon to answer. Her answer is duly filed, setting up that that cannot be revived, which never had life. In reason this answer is sufficient. In law it ought to be.

The court below seemed to rely upon the fact that it nowhere appeared on the record that Margaret Barber was a married woman and that therefore the ruling in Dorrance *v.* Scott, 3 Wharton, 309; Caldwell *v.* Walters, 6 Harris, 79, and Quinn's Appeal, 5 Norris, 453; was not applicable to the present case. But *non sequitur.* It is not because the fact of marriage appears on the record that such original judgment is void, but because of the marriage itself.

A judgment on a *scire facias* on a void judgment is void for want of a valid judgment to support it: Dorrance *v.* Scott, *supra;* Crockett *v.* Drew, 5 Gray, 399.

*Edward B. Watts,* for defendant in error was not heard.

The opinion of the court was delivered May 17th, 1886.

PER CURIAM. This was a *scire facias* to revive a judgment, regular on its face, recovered against the plaintiffs in error on a *scire facias* issued to January Term, 1874. That *scire facias* issued on a judgment against the same parties to January term 1869. There was nothing on the record either of the original or of the revived judgment to show the coverture of either defendant therein.

The plea of coverture to the present *scire facias* was wholly inappropriate and insufficient to prevent the entry of judgment, and there was no error in striking it off. It is no denial of the existence of the judgment on which it issued, nor an averment of satisfaction or discharge thereof: P. C. & St. Louis Railway Co. *v.* Marshall, 85 Pa. St., 187; Dowling *v.* McGregor, 91 Id., 410.

Judgment affirmed.