CATHARINE A. SHUPP *vs.* W. W. HOFFMAN, HENRY S. EAVEY, JOSEPH T. HOFFMAN, and CHARLES S. LANE, trading as HOFFMAN, EAVEY & Co.

*Scire facias—Coverture—Demurrer.*

The plea of coverture to a *scire facias* to revive a judgment by confession against a married woman, on her promissory note made in the year 1877, is bad on demurrer, the judgment being valid on its face, and there being nothing in the original proceedings, or in the writ itself to disclose the fact of coverture.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*Frederick F. McComas,* for the appellant.

*J. Clarence Lane,* and *Henry H. Keedy,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The appellant in this case, Catharine A. Shupp, executed a promissory note on the 25th day of June, 1877, to the appellees, for the sum of $350; and on the 27th day of June of the same year a judgment by confession for the amount of the debt and interest was entered, according to the written assent and agreement of the plaintiffs and defendant. There was no effort made to enforce the payment of this judgment until the 24th day of September, 1888, more than eleven years after

its rendition, when a *scire facias* was issued by order of the plaintiffs. To the *scire facias* the defendant pleaded her coverture; that at the time of the execution of the obligation, and of the recovery of the judgment, she was a married woman, and that her husband was not joined in the suit.

The appellees then filed three replications alleging, first, that although being a married woman at the time of the execution of the note upon which judgment was rendered, she was living apart from her husband, under articles of separation; the second, that the debt for which said note was given was contracted by her in and about her own business and trade, in which she was engaged apart from her husband; and third, that she was engaged in business dealings with the plaintiffs on her *own* behalf as a *féme sole* trader, and that the said note in this case was part of said dealings. The defendant demurred. The Court sustained the demurrer to the first replication and overruled it as to the second and third.

There were four prayers offered at the trial; the first, asking the Court to instruct the jury that the plaintiffs are not entitled to recover against the defendant as a married woman, nor to have judgment *fiat*, was rejected, The defendant excepted to the rejection of this prayer, and the verdict being for the plaintiffs, the defendant appealed.

This case being before the Court upon demurrer, the only question presented on the appeal, necessary for us to consider, is whether it was competent, under the pleadings, for the appellant to interpose the plea of coverture to the writ of *scire facias* issued on an absolute unconditional judgment.

The law is well settled that in answer to a *scire facias* the defendant cannot set up any matter which might have been relied on as a defence to the original action;

Shupp *vs.* Hoffman, Eavey & Co.

otherwise there would be no end to litigation. *Downey vs. Forrester, et al.*, 35 *Md.*, 118, *Foster on Scire Facias,* (*L. L.,*) 353.

The *scire facias* in this case sets forth an unconditional judgment, and there is nothing upon the face of the original proceedings, or the writ itself, which discloses the fact of coverture. To allow similar pleas would destroy the certainty and finality with which judgments are now accepted in this State.

It was held in the case of *Conlyn, et al. vs. Parker*, 113 *Pa.*, 29, that the plea of coverture to a *scire facias* to revive and continue the lien of a judgment entered on the warrant of attorney in the bond of a married woman, is not a denial of the existence of the judgment on which the *scire facias* issued, nor an averment of the satisfaction or the discharge thereof; that it is an inappropriate plea and insufficient to prevent the entry of judgment, and it is not error for the Court to strike it off. There was nothing on the record in that case, either of the original or of the revived judgment, to show the coverture of the defendant.

The case of *Griffith vs. Clarke*, 18 *Md.*, 457, relied on by the appellant, has no application to this case under its present pleadings. That case was on motion to dissolve an injunction granted in equity, to restrain an execution issued on a judgment which had been rendered upon a joint note of husband and wife. The judgment in that case was rendered in 1858. Since that decision, however, there have been many changes by Acts of Assembly in this State, in reference to the rights and liabilities of married women, and the law has been materially modified by this legislation since that case. *Ahern vs. Fink*, 64 *Md.*, 161. In the case at bar the judgment is valid on its face, it not appearing in the record that the defendant was a married woman, the presumption being that the cause of action was founded upon a con-

tract which she was competent to make, under the recent legislation in this State. The demurrer filed in this case brings the entire pleadings under review, and as the plea of coverture was insufficient in law, the demurrer mounts to the first error in pleading, and it follows that the judgment should have been entered for the plaintiffs upon demurrer. It being the established rule, upon a demurrer, that the Court, notwithstanding there may be a defect in the pleading demurred to, will give judgment against the party, whose pleading is first defective in substance. *Osceola Tribe, &c. vs. Schmidt, Adm'x,* 57 *Md.,* 98.

We do not by this decision mean to embrace a case where the original judgment was null and void, though the judgment in this case would not necessarily be void, even supposing the defendant was a married woman, because under our statutes, under some circumstances, judgments against married women are valid and binding. *Lowekamp, Ex'r vs. Koechling,* 64 *Md.,* 95. The liability in this case occurring since the recent provisions of the law upon the subject, the presumption is that said judgment is valid, nothing appearing upon the original judgment or the revived judgment, showing her coverture.

The judgment for these reasons will be affirmed.

*Judgment affirmed.*

(Decided 18th June, 1890.)