L. E. WILLIAMS, ADMINISTRATOR, v. WILLIAM LUMPKIN.

No. 291.

1. Fraud—Injunction Against Judgment.

Under article 2875, Revised Statutes, the fraud that will excuse failure to apply for an injunction against a judgment within twelve months, has in contemplation some act other than the mere taking of a judgment that ought not to have been taken ............................ 642

2. Immaterial Error.

That injunction was erroneously perpetuated as part of the relief is not material, inasmuch as grounds were shown to support the judgment relieving the homestead from the effect of the foreclosure decree, against which relief there was no bar. The result being correct, the judgment is approved ................. ........................... 642

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals for First District, in an appeal from Anderson County.

Justice WILLIAMS did not sit in this case.

This is an application for writ of error to revise the judgment of the Court of Appeals in a second appeal. The report of decision on the first appeal is in volume 1, Texas Civil Appeals, 214.

The decision on the second trial and appeal corrected the foreclosure decree so as to relieve the homestead from its effect. In petition for writ of error the following grounds were relied on:

1. That the court erred in holding that Lumpkin was not guilty of culpable negligence in not appearing and answering the suit of plaintiff in the original foreclosure suit.

2. Because Lumpkin had actual notice of the release of his homestead years before the date of the judgment sought to be set aside, and in so far as its reformation is sought, resulted solely from his own negligence and carelessness, wholly unmixed with any fraud or fault of appellant.

3. The court erred in holding that the limitation (article 2875, Revised Statutes) did not begin to run until Lumpkin had become aware that the judgment included his homestead, etc.

The judgment of the District Court relieving Lumpkin's homestead from the effect of the foreclosure decree, and perpetuating the injunction restraining sale under it, was affirmed in the Court of Civil Appeals.

*Thomas B. Goodrich & Son*, for application, cited: Goss v. McClaren, 17 Texas, 116; Wood v. Lenox, 23 S. W. Rep., 812; Clegg v. Darragh, 63 Texas, 357; Johnson v. Templeton, 60 Texas, 238; Nevins v. McKee, 61 Texas, 412; Harn v. Phelps, 65 Texas, 592; Vardeman v. Edwards, 21 Texas, 737; Burnley v. Rice, 21 Texas, 171; Miller v. Clements, 54 Texas, 351; Cook v. De la Garza, 13 Texas, 431; Prewitt v. Perry, 6

Texas, 260; Gregg v. Bankhead, 22 Texas, 252; Pillow v. Thompson,. 20 Texas, 206; Doss v. Miller, 6 Texas, 338; Easley v. Bledsoe, 59 Texas, 488; Jordan v. Corley, 42 Texas, 286; Melton v. Lewis, 74 Texas,. 412; Hungerford v. Seeligson, 20 How., 156; Rev. Stats., art. 2875.

STAYTON, CHIEF JUSTICE.—We fully concur in the opinion of the. Court of Civil Appeals in so far as it holds that sufficient grounds existed to require the reformation of the judgment of which plaintiff complained;. but that judgment was rendered more than twelve months before he in-- stituted suit asking that relief, and also injunction to restrain the enforce- ment of the judgment.

The statute provides, that "no injunction to stay an execution upon. any valid and subsisting judgment shall be granted after the expiration of one year from the rendition of such judgment, unless .it be made to· appear that an application for such injunction has been delayed in conse-- quence of the fraud or false promises of the plaintiff in the judgment,. practiced or made at the time of or after the rendition of such judgment, or unless for some equitable matter or defense arising after the rendition. of such judgment." Rev. Stats., art. 2875.

The fraud consisted in taking a decree of foreclosure on that part of˙ one of the tracts which constituted defendant's homestead, when the mortgage had been corrected by a release placed on record as soon as the: mistake was discovered; but the application for injunction was not de- layed in consequence of any act, decree, or promise made at the time of˙ or after rendition of judgment.

The defendant had been cited to appear before the decree was entered,. and the citation advised him that foreclosure of mortgage on these tracts· of land was prayed for; but he had no reason to believe that plaintiff was asking foreclosure on the entire tract of which his homestead was a part after the mortgage covering that by mistake had been corrected by release.

Such a decree, however, was entered, and no act was done at that time· or subsequently to induce him to believe that the decree would not be· enforced. The statute which excuses the failure to apply for injunction. within one year has in contemplation some act, other than the mere tak-- ing of a judgment that ought not to be taken, by which a party is· caused to delay making application; and no such acts appearing, we are of opinion that Lumpkin's right to writ of injunction was barred.

While right to that specific relief was barred, it does not follow that. any other lawful relief not barred might not be granted.

Lumpkin sought a reformation of the judgment, so as to exclude his homestead from its operation; that he was clearly entitled to under the· facts shown, and right to such relief was not barred. The injunction ought to have been dissolved; but if it had been, no benefit would thereby

have resulted to the holder of the judgment of which reformation was sought, unless some person could be found who would buy the property in controversy subject to the right of Lumpkin as it might be declared in the pending litigation.

The result reached by the Court of Civil Appeals is correct, and application for writ of error will be overruled.

Delivered April 30, 1894.