(Decided March 26th, 1895.)

HOFFMAN, EAVEY & CO. *vs.* CATHERINE A. SHUPP, by Her Next Friend, etc.

*Void Judgment against Married Woman—Scire Facias—Injunction.*

A married woman executed a promissory note without the joinder of her husband, and signed an order for a confession of judgment on the note, also without the joinder of her husband, upon which order judgment was entered. This judgment was subsequently revived by *scire facias*. *Held*, that the judgment was void and its execution should be restrained by injunction.

The revival of a judgment by *scire facias* effects no change in its nature or character.

A judgment against a married woman alone is void, unless the cause of action is within the statutes allowing actions at law against married women.

Appeal from a decree of the Circuit Court for Washington County (STAKE, J.), perpetually enjoining the execution of a judgment against the appellee, a married woman. The execution was levied on the statutory real estate of the married woman, which had not been purchased with money earned by her own skill and industry. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*J. Clarence Lane*, for the appellants.

The judgment is not a void but a valid one. The common law rule, that all judgments or contracts against married women are void, is not applicable to the changed status of married women. Such judgments are no longer void. *Freeman on Judgments*, sec. 150, p. 271, and cases cited; *Ahern v. Fink*, 64 Md. 161.

" The tendency of modern authority is strongly towards the enforcement of the estoppel against married women as against persons *sui juris*, with little or no limitation on account of their disability." 2 *Pomeroy Equity Jurisprudence*, sec. 814; *Frazier v. Gelston*, 35 Md. 298; *Dobbin v. Cordiner*, 41 Minn. 165; (4 *L. R. A.* 333); *Speier v. Opfer*, 73 Mich. 35; (2 *L. R. A.* 345.)

So it has been held in other States that where coverture has not been pleaded in time, the judgment is good, although rendered on a contract for which the married woman was not legally liable. *Jones v. Crosthwaite*, 17 Iowa, 393; *Wolf v. Van Metre*, 19 Iowa, 134; (33 Ib. 397); *McDaniel v. Carver*, 40 Ind. 250; *Wagner v. Ewing*, 44 Ind. 441; *McCurdy v. Baughman* (Ohio), 1 West. 33; *Freiser v. Bates College*, 128 Mass. 464.

*F. F. McComas*, for the appellee.

There can be no doubt that the original judgment by confession is absolutely void, because prior to the Act of 1872, chap. 270, no action of law would lie against a married

woman upon any agreement or contract made by her, and
a judgment against her *in personam* was a nullity. *Griffith*
v. *Clarke*, 18 Md. 457. The Act of 1872, chap. 270, re-
stricts the liability of a married woman to be sued to con-
tracts signed jointly with her husband, and it is only in such
cases that her common law incapacity is removed. *Lowen-
kamp, Exr.* v. *Koechling*, 64 Md. 95.

The case of *Ahern* v. *Fink*, 64 Md. 161, differs from this
case, inasmuch as the married woman in that case was a
widow and freed from all disabilities before the return day.
The proof in this case shows that the property levied on
belonged to a married woman, and was not acquired by her
own industry, *but by inheritance.* There is no allegation in
the proceedings upon which the judgment is rendered to
make out a case against one of the exceptions as to a suit
against a married woman referred to by the Court. It is a
judgment confessed by a married woman, which, whilst in
the judgment proceedings it does not appear she was mar-
ried, is proved in these equity proceedings, and admitted in
the answer. This Court has said a judgment recovered
against a married woman, with nothing to show she was in
the capacity of a trader, or doing business under any of the
exceptions provided by the Act of Assembly, is a void
judgment and cannot be enforced against her. *Sec. 7, Art.
45 of the Code*; *Lowenkamp* v. *Koechling*, 64 Md. 96;
*Griffith* v. *Clark*, 18 Md. 457; *Crone* v. *Linevill*, 31 Md. 147;
*Kerchner* v. *Kempston*, 47 Md. 589; *Morse* v. *Toppon*, 3
Gray (Mass.) 411; 2 *Bishop on Married Women*, 530.

A void judgment may be assailed at all times, and in all
proceedings by which it is sought to be enforced. *Hanley
& Welch* v. *Donoghue*, 59 Md. 244. The mere revival of a
judgment of *fiat* will not give it any greater or higher
qualities than it originally possessed. If original judgment
is conditional the new one will be also. *Poe's Pleading*,
sec. 609, &c., cases cited. It is upon the judgment recited
in the writ that execution is awarded. *Poe's Pleading*, sec.
598. When revived it can be of no greater validity than

when obtained ; if not effective at first it can not be rendered effective by mere revival on original terms. *Huston* v. *Ditto*, 20 Md. 328.

BRYAN, J., delivered the opinion of the Court.

Catherine A. Shupp, a married woman suing by her next friend, filed a bill in equity against Hoffman, Eavey and others, for an injunction to restrain the execution of a judgment which they had obtained against her. After answer by the defendants, the Court below passed a decree for a perpetual injunction 'and the defendants appealed to this Court.

The evidence shows that on the 25th day of June, 1877, Mrs. Shupp executed her promissory note for the sum of two hundred and fifty dollars to the defendants, and signed an order for a judgment by confession, and that two days later the judgment was entered. She was then and is now a married woman, and her husband did not join in the execution of the note, and did not sign the order for a confession of the judgment. In September, 1888, a *scire facias* was issued on this judgment, and it was revived in due course by the *fiat executio*. On appeal to this Court the decision below was sustained. The principal question in this Court was whether the defendant in the judgment could plead her coverture, in answer to the *scire facias*, and we held that it could not be allowed. We simply adhered to the well-established rule that no defence could be pleaded to the *scire facias* which might have been set up in bar of the original action ; 72 Md. 360. The revival of the judgment worked no change in its nature, character and effect as it originally existed. It was said in *Moore* v. *Garrettson*, 6 Md. 448 : " The office of a *scire facias* to revive a judgment is to reinvest it with all the powers, attributes and conditions which originally belonged to it, and which have been wholly or in part suspended by lapse of time, change of parties, or the like." We consider this principle as absolutely settled, and deem it unnecessary

to cite any of the numerous cases which declare the same doctrine.

The question, then, is whether the original judgment was valid.    By the Act of 1872, chapter 270, a married woman may be sued jointly with her husband on any note, bill of exchange, single bill, bond, contract or agreement which she may have executed jointly with her husband.    But very manifestly this Act can have no application to the present transaction, where the proceeding is against her alone on a note signed by her alone.    It has not been contended that the judgment can be maintained under either of the Acts of Assembly, which, with some modifications, are now consolidated in Article 45, section 7, of the Code. These acts relate to proceedings against married women who have been doing business as *femes sole*.    The first of them, in the form in which it existed at the time of the rendition of this judgment, did not permit proceedings against a married woman personally, but required that the proceedings should be by attachment against the property which she had acquired by her skill, industry or personal labor.    The other Act, comprised in Article 45 (that of 1882, chapter 265), was not passed until long after this judgment had been entered.    It does not admit of a question in this Court that judgments against married women are void unless they are upheld by the Acts of Assembly which we have mentioned.    It is also well settled that the execution of them will be enjoined by decree in equity.    *Griffith* v. *Clark*, 18 Md., 457 ; *Lowekamp* v. *Koechling*, 64 Md. 96.

*Decree affirmed.*

(Decided March 26th. 1895.)