JONATHAN LANE ET AL. v. JOHN P. MOON ET AL.

Decided June 5, 1907.

1.—Judgment—Direct Attack.

In an action by a husband and his wife to enjoin an execution issued on a judgment rendered against the wife as surety on a sequestration replevy

bond and to annul said judgment as to the wife, pleadings considered, and held to be a direct and not a collateral attack on said judgment.

### 2.—Judgment—Injunction—Statutes Construed.

Article 2991, Rev. Stats., of 1895, which inhibits an injunction to stay execution upon any valid and subsisting judgment after the expiration of one year from its rendition, unless, etc., has no application to an action brought upon equitable grounds to vacate a judgment and enjoin its execution. The period of time within which such action must be brought is determined by article 3358.

### 3.—Married Woman as Surety—Summary Judgment.

While it is true that in the case of persons who are competent to execute such instruments a summary statutory judgment against the obligors on replevy bonds is as conclusive as other judgments, it does not necessarily follow that such judgment may be rendered against a married woman who has signed such bond as surety without the knowledge of her husband who is not a party to the suit and has made no appearance therein.

### 4.—Replevy Bond—Discharge of Surety.

The discharge by the obligee of one of several sureties upon a sequestration replevy bond, with an express reservation as to the other sureties, does not release the other sureties or the principal, nor affect the remedy of a surety, who may pay the debt, against his principal and cosureties for indemnity or contribution.

### 5.—Defect of Parties—Practice.

A question as to the joinder of parties can not be raised by general demurrer. Such objection must be interposed by special exception or plea in abatement.

### 6.—Replevy Bond—Married Woman as Surety—Judgment—Nullity.

A statutory judgment rendered against a married woman upon a replevy bond which she signed as surety without the knowledge or consent of her husband, in a suit to which neither he nor she was a party, in which neither appeared (save such appearance of the wife as the law may imply from her signature as surety to the replevy bond) nor had notice of the judgment until an execution was issued thereon and levied upon their community property, more than twelve months after its rendition, can be decreed a nullity and its execution enjoined by a direct proceeding brought for that purpose.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Lane, Jackson, Higgins & Wolters,* for appellants.—The judgment of a court of general jurisdiction is conclusive and binding until reversed or set aside, and unless the record affirmatively shows the want of jurisdiction to render it, such judgment can not be subject to collateral attack: Lee v. Kingsbury, 13 Texas, 70; Collins v. Miller, 64 Texas, 120; Murchison v. White, 54 Texas, 82; Fitch v. Boyer, 51 Texas, 343; Mikeska v. Blum, 63 Texas, 46; Williams v. Ball, 52 Texas, 606; Guilford v. Love, 49 Texas, 740; Black v. Epperson, 40 Texas, 179; Mills v. Alexander, 21 Texas, 154; Thouvenin v. Rodrigues, 24 Texas, 468; Rodriguez v. Lee, 26 Texas, 32; Fleming v. Seeligson, 57 Texas, 531.

A married woman in Texas is no exception to the general rule as to the conclusiveness of a judgment, and the judgment of a court of competent jurisdiction against a married woman is binding and

conclusive, unless and until reversed on appeal, or set aside by a direct proceeding for that purpose, based on allegations and proof of fraud, and can not be impeached by a collateral attack. Howard v. North, 5 Texas, 298; Baxter v. Dear, 24 Texas, 17; Cayce v. Powell, 20 Texas, 770; Nichols v. Dibrell, 61 Texas, 541; Carson v. Taylor, 19 Texas Civ. App., 178; Loan & Deposit Company v. Campbell, 65 S. W. Rep., 65; Walters v. Cantrell, 66 S. W. Rep., 790; Jones v. Taylor, 7 Texas, 240; Henson v. Sackville, 2 Texas Civ. App., 420; Speer on the Law of Married Women in Texas, secs. 301, 315, 317, 319 and 323.

That in the case of summary remedies provided by our statutes for the rendition of judgments against the obligors on claimant or replevy bonds, etc., no service of citation is necessary to attach jurisdiction, and judgment rendered in accordance with such statutes are no exception to the general rule as to the conclusiveness of judgments regular on their faces: Revised Civil Statutes, arts. 4876 (4501), 5307 (4803).

Judgment against a married woman can be collected out of either her separate estate or the community estate: Howard v. North, 5 Texas, 290; Walters v. Cantrell, 66 S. W. Rep., 790; Carson v. Taylor, 19 Texas Civ. App., 178; Zeliff v. Jennings, 61 Texas, 459; Brown v. Pridgen, 56 Texas, 125; Taylor v. Murphy, 50 Texas, 292; Revised Civil Statutes, arts. 2970, 2971, 2973; Speer on Law of Married Women in Texas, secs. 204 and 323.

That an injunction to restrain the execution of a judgment can not issue after the expiration of twelve months from the date thereof, unless it be made to appear that an application for such injunction has been delayed in consequence of a fraud or false promises of the plaintiff in the judgment, practiced or made at the time of or after rendition of such judgment, or unless for some equitable matter or defense arising after the rendition of such judgment: Rev. Stats., art. 2991, 2875; Williams v. Lumpkins, 86 Texas, 641; Doss v. Miller, 6 Texas, 340; Pillow v. Thompson, 20 Texas, 208; Miller v. Clements, 54 Texas, 351; Cayce v. Powell, 20 Texas, 770; Carson v. Taylor, 19 Texas Civ. App., 178.

That the discharge of one of several sureties from a joint and several obligation, with an express reservation as to the other obligors, does not release the other sureties or principal. Bridges v. Phillips, 17 Texas, 128; Glasscock v. Hamilton, 62 Texas, 143; Ware v. Millican, 30 S. W. Rep., 729; Merchants' National Bank v. McAnulty, 31 S. W. Rep., 1093; Bates v. Wills Point Bank, 11 Texas Civ. App., 77; Richardson v. Overleese, 17 Texas Civ. App., 380; Ulrich v. Hoefling, 23 Texas Civ. App., 292; Willis v. Chowning, 90 Texas, 621; Charbonneau v. Bouvet, 98 Texas, 167.

And the discharge of either principal or surety in any way does not deprive a surety who may subsequently have to pay the debt of his remedy against the principal for indemnity. Willis v. Chowning, 90 Texas, 621; Charbonneau v. Bouvet, 98 Texas, 167.

Nor the cosurety for contribution. Glasscock v. Hamilton, 62 Texas, 143; Jackson v. Murray, 77 Texas, 645; Faries v. Cockerell, 88 Texas, 429.

The statute requiring the injunction bond in a case to restrain the enforcement of a judgment or the collection of a debt, to be fixed in a sum double the amount of such judgment or debt, is mandatory, and the trial judge has no discretion to waive or modify it. It imposes on him a ministerial duty in such cases, which, if need be, could be enforced by mandamus proceedings. Rev. Stats., art. 2993 (2877); Rev. Stats., art. 2997 (2881); Fall v. Ratliff, 10 Texas, 292; Cook v. De La Garza, 13 Texas, 447; Texas & N. O. R. R. Co. v. White, 57 Texas, 131; Avery v. Stewart, 60 Texas, 154; Appleton v. Draughn, 11 Texas Civ. App., 90.

*Tharp & Whitehead,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought September 29, 1905, by John P. Moon and his wife, Sarah M. L. Moon, against Jonathan Lane and A. R. Anderson, sheriff of Harris County, Texas, to enjoin the sale of certain real property levied upon by virtue of an execution issued upon a certain judgment against Mrs. Moon, and to have the judgment declared a nullity. Such judgment, execution and levy will be more fully described in our conclusions of fact. On the day the petition was filed the judge of the court made an order directing the clerk to issue a writ of injunction as prayed for, upon plaintiffs executing to defendants a bond with two or more good and sufficient sureties in the sum of $200, conditioned as required by law.

The defendants moved the court to dissolve the injunction upon the grounds that there were no equities in the bill, that plaintiffs' remedy by injunction was barred by the lapse of twelve months from date of judgment when this bill was filed; and that the amount of the injunction bond fixed by the court was not in double the amount of the judgment upon which the execution issued. Upon the same day, defendants filed their first amended original answer, which consisted of a general demurrer, a general denial and a plea that more than twelve months had ensued between the time the judgment was rendered and when plaintiffs' bill for the injunction was filed. The motion to dissolve the injunction was overruled; and upon final hearing (the case being tried without a jury), the injunction was perpetuated, and the judgment, as against Mrs. Moon, was declared a nullity and cancelled.

*Conclusions of Fact.*—There is no statement of facts in the record, and we must necessarily adopt the findings of the trial court which are as follows:

(1) On the 20th day of November, A. D. 1903, C. M. L. Millington, a feme sole filed suit in the District Court of Harris County, Texas, 55th Judicial District, No. 33,852, entitled C. M. L. Millington v. A. B. Couch, for debt in the sum of thirteen hundred and forty dollars ($1340) and interest, and for the foreclosure of a mortgage lien on certain physicians' furniture and instruments; and on the 20th day of November, 1903, a writ of sequestration was duly procured and issued in said cause and levied on the said mort-

gaged property, and the same was brought into the custody of the court by such writ; and afterwards, on the 21st day of November, A. D. 1903, the defendant, A. B. Couch, prepared and furnished a replevy bond in the sum of three thousand dollars ($3,000), payable to C. M. L. Millington, plaintiff, in said suit, conditioned as provided by law and signed by A. B. Couch, as principal, and the following sureties: Dr. T D. McGown, R. K. Adamson, Frank Dunn, Wharton Bates, Sarah M. L. Moon, Dr. P. Arnold, H. A. Stoddard, J. A. Nailor, Monroe & Elrod. This bond was duly accepted and approved by the sheriff of Harris County, and filed with the papers in said cause; and thereupon the said mortgaged property was returned to the possession of the defendant A. B. Couch, as provided by law.

(2) That afterwards, on the 16th day of April, 1904, in said cause No. 33,852, a final judgment was rendered, based upon the verdict of the jury in favor of plaintiff, finding the amount of indebtedness due her in the sum of fifteen hundred and seventy-two dollars, and seventy-five cents ($1572.75) and finding the value of the articles mentioned in the chattel mortgage and replevy bond, in the sum of fourteen hundred and forty-five dollars and fifty-five cents ($1445.55); and accordingly giving judgment in favor of plaintiff against A. B. Couch for the amount of the indebtedness, fifteen hundred and seventy-two dollars and seventy-five cents ($1572.75), with interest at the rate of 10 percent per annum, and all costs; and further giving judgment against the defendant and the sureties on his replevy bond for the value of the sequestered property, as found by the jury, in the following language:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, Charlotte M. L. Millington, shall have and recover of and from the defendant, A. B. Couch, and Dr. T. D. McGown, R. K. Adamson, Frank Dunn, Wharton Bates, Sarah M. L. Moon, Dr. P. Arnold, H. A. Stoddard, J. C. Nailor, and Monroe & Elrod, obligors on his replevy bond, jointly and severally, the sum of fourteen hundred and forty-one dollars and fifty-five cents ($1441.55) with interest at the rate of 6 percent per annum, from this date until paid."

It is ordered in said decree that the defendant, A. B. Couch should have the right, by virtue of article 4877, Revised Statutes, at any time within ten days from the date of judgment, to discharge the judgment in whole or in part, by the delivery of the mortgaged property, etc. And it was further ordered and adjudged that the defendant Couch take nothing on his cross action against the plaintiff, Charlotte M. L. Millington or George H. Millington; and it was finally ordered in said decree that execution issue against the several parties defendant in said judgment.

(3) That the defendant, A. B. Couch, did not offer to return any portion of the property replevied, and has never tendered or offered to return any of said property in accordance with said decree, or the statutes of Texas; and that no payments or credits have been made on the said judgment, except as hereinafter stated.

(4) That afterwards, on the 5th day of July, 1904, Frank Dunn,

one of the parties defendant to said judgment, took a writ of error to the Court of Civil Appeals at Galveston, which, on the 27th day of October, 1904, was dismissed upon motion of Charlotte M. L. Millington, defendant in error, as shown by the mandate of the Court of Civil Appeals of the First Supreme Judicial District, and no other or further steps have been taken to avoid or revise said judgment, either by way of appeal, or writ of error.

(5) That on the 15th day of October, A. D. 1904, the plaintiff, C. M. L. Millington, executed a written instrument to Frank Dunn, one of the sureties mentioned in said judgment, in which she acknowledged that the said Dunn had paid her the sum of two hundred dollars ($200) as his proportion of the said replevy bond, and undertook to release said Frank Dunn from any and all liability to her on said bond, but expressly reserving the right to look to the other obligors on the replevy bond for the remainder of the judgment obtained by her. This instrument is attached at "Exhibit A" to the plaintiffs' original petition in this cause, and is referred to as part thereof.

(6) That on the 20th day of December, 1904, the plaintiff, C. M. L. Millington transferred and assigned all her right, title, interest and remedies in said judgment to Jonathan Lane, for a valuable consideration, and he thereby became the legal owner and holder thereof, with all the rights and remedies therein incident thereto, held or possessed by the plaintiff, C. M. L. Millington.

(7) That an original execution was issued on said judgment, May 23, 1904, and was returned without service, by reason of the supersedeas on the writ of error, heretofore mentioned. Alias execution was issued on said judgment November 29, 1904, and returned showing a net credit on the judgment of one hundred and seventy-five dollars and twenty-five cents ($175.25) paid January 3, 1905. Pluries execution was issued May 30, 1905, and returned no property found. On the 9th day of August, 1905, the said Jonathan Lane, as owner of said judgment, caused a pluries execution to be regularly issued on said judgment and levied on certain tracts of land as the property of Sarah M. L. Moon, which are set forth as "Exhibit B" attached to the plaintiff's original petition in this cause, No. 36,773, and are hereby referred to as part hereof. These tracts of land were deeded at various dates to and in the name of Sarah M. L. Moon, but were paid for by community funds and belonged to the community estate of Sarah M. L. Moon and her husband, John P. Moon, Sr. After the levy of execution was made on said lands, the sheriff served on Sarah M. L. Moon notice of sale to be made of said land under such levy as the property of Sarah M. L. Moon, to satisfy the amount due on said judgment.

(8) That at the time the said Sarah M. L. Moon signed her name as surety on the replevy bond, and long prior thereto, and when the said judgment on the replevy bond was rendered, and up to the present time, the said Sarah M. L. Moon was, has been, and is a married woman, to wit, the wife of John P. Moon, Sr., that she did not inform her husband of the fact that she had signed the replevy bond, and he knew nothing of the fact until after the execution was

levied on the property, nor did she know, as a matter of fact, that the judgment had been rendered against her, until she received a notice of the sale to be made of the property levied on. The husband, John P. Moon, Sr., was in no way connected with the litigation in cause No. 33,852, nor a party to the judgment therein, and the plaintiff, Sarah M. L. Moon, appeared in said cause only as a surety on said replevy bond, which she had voluntarily signed together with the other sureties, at the request of the defendant, A. B. Couch. There was no allegation, nor recital in the judgment, or any pleading in the cause No. 33,852, mentioning the status of Sarah M. L. Moon, as to whether she was a married woman or a feme sole, and at the time the said Jonathan Lane purchased and took a transfer of the judgment for valuable consideration, he did not know that Sarah M. L. Moon was a married woman.

(9) This suit was instituted, as shown by the petition, to vacate the said judgment in cause No. 33,852, as to the said Sarah M. L. Moon, and for an injunction to restrain the sale of said property under the execution levied, and to restrain further efforts on the part of Jonathan Lane to enforce said judgment against Sarah M. L. Moon. On the 29th day of September, A. D. 1905, under the fiat of this court, injunction issued upon plaintiffs giving a bond in the sum of two hundred dollars ($200) conditioned and payable as required by law. An injunction bond was furnished and filed accordingly, payable and conditioned as provided by law, in the sum of two hundred dollars ($200), signed and executed by J. P. Moon, Sr., as principal and D. C. Helberg, and Herman H. Gieseke, as sureties, dated, approved and filed September 29, 1905. With the exception of the findings in the ninth paragraph, the facts thus found by the trial judge were substantially alleged in plaintiffs' original petition.

*Conclusions of Law.*—Under the first assignment of error, which complains of the court's overruling defendants' general demurrer, the substance of the first proposition is that a judgment of a court of general jurisdiction is conclusive and binding until reversed or set aside, and unless the record affirmatively shows want of jurisdiction to render it, such judgment is not subject to collateral attack; and that such principle is as applicable to a judgment against a married woman as it is to any other.

This proposition assumes that the attack made by plaintiffs upon the judgment is collateral. If this assumption were correct, it would follow that the demurrer to the petition should have been sustained. We do not, however, deem the attack collateral, but take it to be a direct assault upon the very life and existence of the judgment. For the only purpose of this suit was to vacate the judgment, and enjoin the execution of the same upon the ground of its invalidity. Crawford v. McDonald, 88 Texas, 626; Templeton v. Ferguson, 89 Texas, 47. As is said in the case first cited: "The general rule is well established, that a judgment rendered by a court of general jurisdiction is void, if it had at the time of the rendition of the judgment no jurisdiction of the person of the defendant or the

subject matter of the litigation. . . . Logically, it can make no difference as to the validity of the judgment, whether the lack of jurisdiction of the person or the subject matter appears from the face of the record, or is made to appear by evidence aliunde. . . . There is, however, another rule of law, equally well established upon principles of public policy, which precludes inquiry by evidence aliunde the record, in a *collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face,* into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition." If, then, this were a collateral attack, it would be our duty to inquire, whether the judgment is invulnerable against it, by reason of the rule just stated; and in doing so it would be our province to inquire whether the court necessarily passed upon the question whether judgment could be rendered against a married woman upon a replevy bond on which she was merely a surety, which would involve the question of whether the court had knowledge of the fact of her coverture when she signed the instrument. But as the attack is directly against the life of the judgment, those principles which govern in proceeding to and in determining the effect of such an assault must control us in our deliberations.

In the first place we will say that article 2991, Revised Statutes of 1895, which inhibits an injunction to stay an execution upon any valid and subsisting judgment after the expiration of one year from its rendition unless, etc., has no application to an action brought upon equitable grounds to vacate a judgment and enjoin its execution; but that the period of time within which such action may be brought is determined by article 3358. Watson v. T. & P. Ry. Co., 73 S. W. Rep., 830; Foust v. Warren, 72 S. W. Rep., 405; State v. Dashiell, 74 S. W. Rep., 779; Rose v. Darby, 76 S. W. Rep., 799. The fact that the subject of article 2991 is "any valid and subsisting judgment," shows it has no relation to a case of this character. For to say it is applicable to a case wherein it is sought to vacate and annul a judgment because of its invalidity, would be to determine the issue to be tried by assuming the validity of the judgment.

From the second proposition under the assignment, which is: "In the case of summary remedies provided by our statutes for the rendition of judgments against the obligors on claimant or replevy bonds, etc., no service of citation is necessary to give jurisdiction, and judgments so rendered are no exception to the general rule as to the conclusiveness of judgments," though correct in its application to a replevy bond made by parties who are competent to execute such an instrument, it does not necessarily follow that such judgment may be rendered against a married woman who has signed such bond merely as a surety without the knowledge of her husband who is not a party to the suit and has made no appearance therein. This will be considered and passed upon in considering the principal question in the case.

While a judgment against a married woman may be collected out of either her separate or community estate, as is asserted in appellants' third proposition under this assignment, it must be a judgment in fact, and not merely one in form, to be collected at all.

Whether the judgment which is the subject of this suit is valid will be determined further on. If we should decide that it is absolutely void, the principle asserted by the proposition will be of no pertinency in this case.

What we have said in disposing of the first proposition is alike applicable to the fourth, and requires of it the same disposition.

We agree with appellants in their fifth proposition under this assignment, which is as follows: "The discharge of one of several sureties from a joint and several obligation, with an express reservation as to the other obligors, does not release the other sureties or principal. Nor does the discharge of either a principal or a surety in any way deprive a surety who may subsequently have to pay the debt, of his remedy against the principal for indemnity, or the co-surety for contribution." But as the discharge of the several sureties is not the only ground upon which the judgment is attacked, it does not follow that the court erred in overruling defendants' general demurrer to plaintiffs' petition.

The principle asserted in the sixth proposition should have been interposed by either a special exception or a plea in abatement setting up a non-joinder of parties; and can not avail defendants upon a general demurrer, as all the parties directly interested in the validity of the judgment, insofar as it was against Mrs. Moon, were made parties.

What we have said in disposing of the first proposition under the first assignment of error, and shall say in considering the third, which involves the main question in the case, will dispose of the second adversely to appellants.

Having thus disposed of the questions which relate to procedure, we are brought to a consideration of the main question in the case, which may be thus stated: Can a statutory judgment rendered against a married woman upon a replevy bond, which she signed as surety during coverture without the knowledge or consent of her husband, in a suit to which he nor she was a party, in which neither appeared (save such appearance of the wife as the law may imply from her signature as surety to the replevy bond) nor had notice of the judgment until an execution was issued thereon and levied upon their community property, more than twelve months subsequent to its rendition, be, by a direct proceeding brought for that purpose, decreed a nullity and its execution enjoined? So far as we are informed this is a question of first impression in this State, and, to the mind of the writer, a very grave and important one.

As the wife, at common law, is incapable of making a contract by virtue of the disability of coverture, and as her existence is blended so intimately with the husband as to make it practically inseparable from his, no valid judgment can be rendered against her alone as long as the coverture exists; and consequently, a judgment obtained against a married woman after coverture upon a contract while she was under disability is void and, therefore, may be assailed collaterally. Rogers on Dom. Rel., sec. 244.

In this State, except where changed or modified by statute, the common law is the rule of decision, and is generally observed by our

courts. The common law has been so far modified as to permit the wife to contract debts for necessaries furnished herself and children, and all expenses which may have been incurred by her for the benefit of her separate property. Article 2970 Sayles' Civ. Stats. This is the extent of the right of a married woman to contract in this State, unless her husband joins her in the contract or she has been abandoned by him. The statute which permits the wife to contract such debts, prescribes that suit may be brought in the manner provided by article 1201, which is as follows: "The husband and wife shall be jointly sued for all debts contracted by the wife for necessaries furnished herself and children, and for all such expenses which may have been incurred by the wife for the benefit of her separate property." So it is seen that the law which permits the wife to contract such debts prescribes the manner in which suits may be brought upon them. It also provides that upon the trial of any suit, as provided for in article 2970, if it shall appear to the satisfaction of the court and jury that the debt so contracted or expenses incurred were for the purposes enumerated in said article, and also that the debts so contracted or expenses so incurred were reasonable and proper, the court shall decree that execution may be levied upon either the common property or separate property, of the wife, at the discretion of the plaintiff. Article 2971, Sayles' Civ. Stats.

It is generally held, under statutes allowing married women to contract debts for certain kind of purposes, that a judgment against her founded on such a kind of contract will be erroneous (or void according to the doctrine prevailing in a particular State) unless the record itself shows that the debt is of the kind she is authorized to contract. Black on Judgments, sec. 190. But in the case of Bergstrom v. Keil, 67 S. W. Rep., 783, this court expressed itself as not being prepared to hold, if the terms of the decree affirmatively showed that the debt was not one contemplated by the statute, that the judgment against the wife, with execution against her separate estate, would be a nullity, or subject to dispute in any proceeding except appeal. But the judgment in that case was not necessarily inconsistent with the fact that the note upon which it was based was made by the wife for purposes contemplated by the statute. So the question we expressed ourselves as not being prepared to pass upon, was not involved; and, besides, the husband as well as the wife was a party defendant in that suit. Nor are we now prepared to hold, unless the record shows that the debt is of the kind the wife is not authorized to contract, that the judgment is void. But we think, until it is made to appear to the contrary, that the presumption should be indulged that it was rendered upon a debt she was permitted by the statute to incur (Freeman on Judg., sec. 150), provided the suit was brought in the manner prescribed by article 1201 Sayles' Civ. Stats. In Louisiana, it is held that a judgment against a married woman is void and of no effect when her husband has not been cited with her, and she has not been authorized by him or the court to defend the suit. Dirmeyer v. O'Hern, 39 La. Ann., 961, 3 South, Rep., 132.

In the case under consideration it needs only to be shown, *dehors* the record, that Sarah M. L. Moon was a married woman when she signed the bond as surety and at the time the judgment was entered, to make it appear absolutely certain, that it was rendered upon a paper that created no more of a debt or obligation against her than it would had the name of the "Man in the moon," instead of her own, been signed to it. Had suit been brought upon it against her, though joined with her husband, and all the facts regarding it been alleged and proved, the law would have authorized no judgment upon it, either against herself or husband, nor would it have recognized as of any validity at all any judgment which might have been entered against her in such a suit. This case bears no parallel to one where a paper in the form of a written obligation, which may be evidence of a debt of such kind as a married woman may contract, and is signed, or purports to be signed, by one who is a feme covert —such as a promissory note, acceptance of a bill of exchange, etc. For it may be the law in this State (and the writer thinks it is) that, if a married woman is sued in the manner prescribed by statute upon such an instrument, though it be a forgery, and final judgment is rendered against her, she can assail such judgment in no other way than by appeal. Though it has been held that a judgment rendered against a feme covert by confession upon a judgment note, which, by reason of her disability, she had no power to execute, is a nullity and its execution will be enjoined. Hoffman v. Shupp, 80 Md., 611; 31 Atl. Rep., 505. This decision could, however, be upheld upon the principle that the wife can not authorize another by warrant of attorney to confess a judgment against her, and that if, nevertheless, she execute a warrant of attorney authorizing a confession of judgment, the judgment entered by virtue of such warrant will be void. Rogers on Dom. Rel., sec. 190. Freeman Jud., sec. 545.

It is not thought that the judgment involved in this suit can be given any greater force by reason of its being summarily rendered upon a replevy bond than if it had been rendered in an ordinary action, in which the parties were regularly cited to answer. It could not be contended that if suit is brought against a married woman as a surety on such an instrument without her husband being joined with her as a defendant that a judgment rendered in it, attempting to bind either her separate estate or the community property, would be of any validity whatever. To permit such a judgment to stand would break down all the barriers the law has erected to protect married women against the disability of coverture and subject, not only their separate property, but the community estate, to be taken under execution for such acts done by them, as the law says can not be done by her at all, even with the consent of the husband. It was *"he* that goeth surety for a stranger," not a married woman, that Solomon said "shall smart for it." There are some rights that a married man still has that the law must needs respect. He has, under the law, control, management and disposition of the community property, besides a one-half interest in all of it. Neither this dominion nor ownership can be taken from him, on account of an act of the wife, except in some manner prescribed by the law.

When this is attempted in a suit, the law entitles him to his day in court and to a hearing; and he can not be deprived of these rights, though his wife has signed without his knowledge or consent her name as surety to a replevy bond given in a case pending in court. Even if it could be said that the effect of such act of the wife is to bring her into court and make her a party to the action, it can have no such effect upon the husband, unless, possibly, he has notice of such act; for to give it such effect upon him, would be to deprive him of his rights and property without due process of law.

Hence we conclude that what has been before propounded by us as the main question in this case can receive no other than an affirmative answer, and that, therefore, the judgment is a nullity.

As the judgment was an absolute nullity, the appellants were not prejudiced by the action of the court in refusing to dissolve the temporary injunction, as is complained of in the fourth and fifth assignments of error; nor in refusing to require appellees to file another bond, as is complained of in the sixth. Therefore, we overrule the three assignments just referred to.

We can perceive no error in the court's assessing all the costs in this action against the defendant Jonathan Lane.

*Affirmed.*

Writ of error refused.