TEXAS & P. RY. CO. v. MILLER et al.
(No. 378.)

(Court of Civil Appeals of Texas. El Paso. Dec. 17, 1914.)

1. JUDGMENT (§ 460*)—EQUITABLE RELIEF—PETITION—PRAYER.

A suit in which the petition alleged that a judgment was obtained surreptitiously against a railway company, after the opposing attorneys had agreed to dismiss the case and prayed that a perpetual injunction be issued against the enforcement of the judgment and for other relief to which plaintiff might be entitled, was a suit to vacate the judgment; such relief being included within the general prayer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. § 460.*]

2. JUDGMENT (§ 456*)—EQUITABLE RELIEF—LIMITATION.

Rev. St. 1911, art. 4648, limiting to one year the time within which to bring suit to enjoin the enforcement of a valid judgment, does not apply to a direct suit to vacate the judgment upon equitable grounds, the time for the commencement of which is limited to four years by article 5690, limiting actions for which no limitation is otherwise prescribed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 863–866; Dec. Dig. § 456.*]

3. JUDGMENT (§ 427*)—EQUITABLE RELIEF—GROUNDS—AGREEMENT TO DISMISS.

Where a case had been remanded by the Court of Civil Appeals on appeal by defendant, with instructions to direct a verdict for defendant if no new facts were established on the second trial, an agreement by plaintiff's attorney to dismiss the case was within the apparent scope of his authority, and a judgment thereafter taken by plaintiff through another attorney, without notice to defendant, must be vacated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 805–807; Dec. Dig. § 427.*]

Appeal from Ward County Court; Burch Carson, Judge.

Suit by the Texas & Pacific Railway Company against Ed Miller and another, to restrain the enforcement of a judgment against the railway company. From an order dissolving a preliminary injunction, plaintiff appeals. Reversed and remanded.

See, also, 127 S. W. 566.

John B. Howard, of Pecos, for appellant. T. F. Slack, of Barstow, for appellees.

HIGGINS, J. Appellant filed this suit on February 18, 1914, alleging that on April 13, 1908, the defendants Ed and Jim Miller, filed suit in the justice court of Ward county against it, to recover the sum of $150, alleged to have been sustained through the killing of a horse by a locomotive belonging to said railway company; that said cause was tried in the justice court, and, from the judgment there rendered, an appeal taken to the county court, where it was tried and judgment rendered against the railway company, from which judgment the company perfected an appeal to the Court of Civil Appeals at Ft. Worth, by which latter court the cause was reversed and remanded, with instructions to the lower court, upon retrial, to instruct a verdict in favor of the company, unless other facts be introduced tending to show negligence on the part of the company; that the mandate of said Court of Civil Appeals was issued September 24, 1910; that, during the time above mentioned, Hon. J. F. McKenzie was the attorney for the company and W. A. Hudson and J. E. Starley were attorneys for Ed and Jim Miller; that, at the time of the return of said mandate to the county court of Ward county, Hon. J. E. Starley was the county judge of the county and disqualified from taking any action in the said cause, by reason of his attorneyship for the Millers, and that Hudson, who continued to act for the Millers, advised Judge McKenzie, the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

company's attorney, that said cause would not be further prosecuted, but he would permit same to remain upon the docket until there was a special judge who could dismiss the same, or until Judge Starley's term of office should expire, when he would have the cause dismissed, agreeing that, under the opinion of the Court of Civil Appeals, the Millers had no cause of action; that Judge McKenzie informed John B. Howard, of Midland, Tex., who became the attorney for the company, representing it in all cases at Barstow (the county seat of Ward county), that plaintiff's attorney had agreed to have said cause dismissed as soon as there was a judge upon the bench who was qualified to take such action; that thereafter Hudson informed the said Howard that he would make a motion to dismiss said cause and would have same dismissed as soon as there was a judge upon the county court bench who was qualified to take such action, giving as his reason that the Court of Civil Appeals had passed upon the facts in the case, and in effect held that plaintiff had no cause of action; that, relying upon said representations of Millers' attorney, he (plaintiff's attorney) did not give further attention to said cause, in good faith believing that it would be dismissed as soon as a judge came upon the bench who was qualified to dismiss, and relying upon such promise of the attorney in the cause; that, at all times since the return of the mandate, the company has been ready and willing to try the case on its merits, and so informed the attorney for the Millers, but said attorney always informed these plaintiffs' attorneys that the case would not be tried, but would be dismissed, as above stated; that, in the latter part of the year 1912, the Hon. Burch Carson became judge of said county court, and the plaintiff, relying upon the promise to dismiss, believed that the cause had been dismissed, and was no longer pending; that on the 4th day of February, 1913, at a regular term of said county court, the Millers appeared in court with an attorney, other than the said Hudson, and without any notice whatever to the company, or its attorney, or any one connected with it, took a default judgment against the company in the sum of $99; that neither the company, its attorneys or agents, had any notice or knowledge whatever of said proceedings in taking such judgment, and the company knew nothing of the judgment until long after the adjournment of the term at which it was rendered; that the Millers had procured the issuance of an execution on the judgment and placed same in the hands of H. C. Cantrell, sheriff of Ward county, who threatened to levy the same upon the company's property and sell same to satisfy said judgment; that the judgment for $99 was surreptitiously obtained by the Millers, by them concealing from the company and its attorneys all knowledge of the fact that they intended to proceed in said cause; that the company has been imposed upon and advantage taken of it by the Millers. The petition concluded with the prayer that the Millers be restrained from proceeding further in the matter and Cantrell enjoined from levying said execution on any of the company's property, and that on final hearing plaintiff have a perpetual injunction forever restraining said defendants, and each of them, from further prosecuting said writ of execution, "and for all other relief, legal and equitable, to which this plaintiff may be entitled."

A preliminary injunction was forthwith issued, restraining the defendants as prayed for, and thereafter the defendants answered in the cause, pleading the terms and provisions of article 4648 of the Revised Statutes, and further that, if Hudson had agreed with the company's attorney to dismiss the suit as alleged in the petition, such agreement was made without authority from the Millers and without their knowledge or consent, and that they at no time advised plaintiff, or its attorney, that they would have said suit dismissed; that Hudson had voluntarily severed his connection as their attorney in December, 1911, and that the judgment had not been surreptitiously obtained, but had been procured in open court after they (the Millers) had introduced their evidence and established their right to said judgment to the satisfaction of the court, and in securing the judgment no undue advantage was taken, and, if the company was not present at the term of court at which the judgment was rendered, it was through no fault of theirs, but through its own negligence, or that of its attorneys, wherefore they prayed the injunction be dissolved. Upon this answer, the court in chambers dissolved the preliminary injunction theretofore issued, and from this order the railway company prosecutes this appeal.

[1] As we construe the petition, it is a suit on equitable grounds to vacate the judgment rendered in Millers' favor, and to enjoin its execution. It is true the special prayer of the petition asks only that a preliminary injunction be issued, and on final hearing it be perpetuated, and there is no specific prayer that the judgment be vacated and set aside. There is a general prayer, however, "for all other relief, legal and equitable, to which the plaintiff may be entitled." The facts pleaded in the petition show that plaintiff is entitled to have the judgment vacated and its execution enjoined, and, under this general prayer for relief, it would be entitled thereto upon the final hearing if the facts pleaded be substantiated by proof; the rule being that, under a prayer for general relief, there shall be awarded the appropriate relief to which, upon the allegations and proof, plaintiff may appear to be entitled. Garvin v. Hall, 83 Tex. 295, 18 S. W. 731; Kempner v. Ivory, 29 S. W. 538; Trammell v. Watson,

25 Tex. Supp. 216; Zadick v. Schafer, 77 Tex. 501, 14 S. W. 153; Silberberg v. Pearson, 75 Tex. 290, 12 S. W. 850; McCullough v. Rucker, 53 Tex. Civ. App. 89, 115 S. W. 323; Cravens v. Wilson, 48 Tex. 324.

[2] Since the petition, upon its face, shows that plaintiff is entitled to have the judgment complained of vacated and set aside, it necessarily follows that its execution should be restrained, pending the final determination of the case upon its merits. Article 4648 of the Revised Statutes, which inhibits the issuance of an injunction to stay the execution of a valid judgment after the expiration of one year from its rendition, does not apply to a direct suit based upon equitable grounds to vacate a judgment and enjoin its execution, and the period within which such a suit may be brought is fixed by article 5690 of the Revised Statutes. Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 211, and cases there cited.

[3] With reference to that portion of the answer and motion to dissolve, setting up that, if Hudson agreed with the company's attorneys to dismiss the suit, same was made without authority from the Millers, and without their knowledge or consent, it is sufficient to say that, in making this agreement, Hudson was certainly acting within the apparent scope of the authority possessed by an attorney in charge of litigation, and the company's attorneys could rightfully assume that he, in fact, had the authority to make the agreement in question. The issue of actual authority in such case is immaterial, and the Millers are precluded from questioning same, since Hudson acted within the apparent scope of his authority, and it was relied upon and acted upon by the company's attorneys. Under this view of the case, the other allegations set up in the answer and noted above are immaterial and present no defense. For the reasons indicated, the order of the lower court, dissolving the preliminary injunction, is reversed, and the cause remanded for trial upon its merits, and, pending final trial upon the merits, the preliminary injunction heretofore issued shall remain in full force and effect.

Reversed and remanded.