[5, 6] From the case of Jackson v. State, 70 Tex. Cr. R. 582, 157 S. W. 1196, we take the following quotation in an opinion reversing the case rendered by Judge Prendergast:

"This court has uniformly held, and there are a large number of decisions to that effect, that a conviction for violating the prohibition law in any county or subdivision thereof where prohibition has been adopted cannot be sustained, unless proof was made showing that prohibition had been adopted and was in force at the time the alleged violation occurred; that the courts cannot take judicial notice that prohibition is in force in any county or subdivision thereof. The personal knowledge of the presiding judge is not judicial knowledge."

Other recent cases to the same effect are Whittlesey v. State, 72 Tex. Cr. R. 614, 163 S. W. 78; Lewis v. State, 73 Tex. Cr. R. 16, 163 S. W. 705; Green v. State, 69 Tex. Cr. R. 550, 155 S. W. 210; Robinson v. State, 69 Tex. Cr. R. 496, 154 S. W. 997. In the case of Dorman v. State, 64 Tex Cr. R. 104, 141 S. W. 526, this court, in an opinion by Judge Harper, used the following language:

"The local option law is a local or special law, and is in force only in those counties where the people have adopted it, and this court does not judicially know in what territory it has been adopted, and the evidence must show this law to be in force in the territory where the sale is alleged to have been made, or the judgment cannot be sustained."

In deference to the authorities mentioned and the numerous rulings of this court to the same effect, listed in Branch's Annotated Penal Code, p. 695, § 1231, the judgment of the lower court must be reversed, and the cause remanded, because the record fails to show that the sale of intoxicating liquor was prohibited in the district where the offense is laid; and it is so ordered.

---

KIMMELL v. EDWARDS et al.    (No. 8459.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 24, 1917.)

1. JUDGMENT ⬤⟲16 — "VALID JUDGMENT" —"SUBSISTING JUDGMENT"—INJUNCTION — STATUTE OF LIMITATIONS.

A personal judgment, valid on its face, by a court having no jurisdiction of person of defendant at time of rendition, is void, and, on direct attack, is not a "valid and subsisting judgment," within the meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 4648, providing that no injunction to stay an execution upon a valid and subsisting judgment shall be granted after expiration of one year from rendition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 22, 24.]

2. LIMITATION OF ACTIONS ⬤⟿39(1)—DIRECT ATTACK ON VOID JUDGMENT.

A direct attack on a personal judgment, void for lack of service, is governed by the four-year statute of limitations.

3. LIMITATION OF ACTIONS ⬤⟿3(2)—STATUTE— REPEAL.

Paschal's Dig. art. 4616, barring certain equitable suits within two years, has been repealed by subsequent statutes.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 12.]

Appeal from District Court, Taylor County. On Motion for rehearing. Motion denied. For former opinion, see 193 S. W. 363.

DUNKLIN, J. Appellee Edwards earnestly insists that plaintiff's cause of action was barred by the provisions of article 4648, Vernon's Sayles' Texas Civil Statutes, which reads:

"No injunction to stay an execution upon any valid and subsisting judgment shall be granted after the expiration of one year from the rendition of such judgment, unless it be made to appear that an application for such injunction has been delayed in consequence of the fraud or false promises of the plaintiff in the judgment, practiced or made at the time of, or after rendition of, such judgment, or unless for some equitable matter or defense arising after the rendition of such judgment. If it be made to appear that the applicant was absent from the state at the time such judgment was rendered, and was unable to apply for such writ within the time aforesaid, such injunction may be granted at any time within two years from the date of the rendition of the judgment."

As appears in the original opinion, there was no allegation in plaintiff's petition of fraud practiced upon him at the time or after the rendition of the judgment complained of, nor was there any attempt to allege any facts arising after the rendition of the judgment which would constitute an equitable defense to the cause of action which ripened into the former judgment which plaintiff sought to vacate.

Appellee has cited the case of Williams v. Lumpkin, 86 Tex. 641, 26 S. W. 493. That was a suit to enjoin a judgment foreclosing a lien upon a homestead upon the ground of fraud perpetrated by plaintiff in the foreclosure suit. The defendant in that suit had been cited to appear, and his citation had advised him that a foreclosure had been prayed for upon the tract of land constituting his homestead as well as upon two other tracts. By mistake the mortgage foreclosed had included the homestead tract with the other two tracts, and prior to the foreclosure the mistake had been corrected by the execution of a release of the homestead tract placed on record. After the correction of the mistake, the defendant in the foreclosure suit took no further notice of it, relying upon the belief that there would be no foreclosure upon his homestead. In that case the Supreme Court held that, as no act was done by the plaintiff in the foreclosure suit at the time of the foreclosure to induce the defendant to believe that there would be no foreclosure upon the homestead, the suit to enjoin the said judgment came within the provisions of the article of the statute above quoted, and was barred by limitation because it was not instituted until after the expiration of one year from the date of the foreclosure decree.

It is insisted that, as the judgment sought to be enjoined in the present suit is regular on its face, it is therefore a "valid and subsisting judgment" within the meaning of article 4648, the same as the case of Williams v. Lumpkin. Our former opinion is construed by appellee as holding that the judgment was voidable only, and not absolutely void, and that it necessarily follows from the construction that it was within the meaning of article 4648. In our original opinion we did not attempt to designate the judgment as "void" or "voidable," but we did hold that it was not a valid judgment, if Kimmell was not served with a copy of the petition. In the case of Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, the following was said:

"The general rule is well established that a judgment rendered by a court even of general jurisdiction is void, if it had, at the time of the rendition of the judgment, no jurisdiction of the person of the defendant or the subject-matter of the litigation. This principle is self-evident, because until the court acquires jurisdiction it has no power to proceed to investigate and determine private rights. Logically it can make no difference, as to the validity of the judgment, whether the lack of jurisdiction of the person or the subject-matter appears from the face of the record, or is made to appear by evidence aliunde. For if, for instance, no service was had upon the defendant, he not appearing in the case, the court having no jurisdiction whatever over his person, is absolutely without power to bind him by an adjudication that he had been in fact duly served; and logically this want of power is the same, whether the lack of jurisdiction appears on the face of the record or not. There is, however, another rule of law equally well settled upon principles of public policy, which precludes inquiry by evidence aliunde the record, in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold; he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically the judgment is in fact void, but on grounds of public policy the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore for all practical purposes, in such collateral attack, the judgment is held valid."

[1] If the present suit were a collateral attack upon the former judgment, then appellant Kimmell would have no standing whatever, since the judgment in the original suit is valid upon its face, reciting due service of

citation; but, as pointed out in our original opinion, the present suit is a direct attack upon that judgment. If in the former suit the court never acquired jurisdiction over the person of Kimmell, then under the rule announced in, Crawford v. McDonald the judgment rendered against him in that suit was void, even though under the rule of public policy stated he would not have been permitted, on a collateral attack, to question its validity. And, if void, it could not be said to be a valid and subsisting judgment within the meaning of article 4648. If in that suit the court had acquired jurisdiction over Kimmell, and he had sought to set aside the judgment on the ground of fraud practiced upon him in its procurement, then the judgment rendered would not have been void, but would have been voidable only in the suit instituted to enjoin its enforcement; in other words, it would have been a valid judgment within the meaning of article 4648 until vacated by a suit to set it aside.

[2] For the reasons stated, we are of the opinion that the period of limitation of one year prescribed by article 4648 does not apply in the present suit, but that the statute of limitation of four years is applicable, and is the only statute of limitation that does control. Lane v: Moon, 46 Tex. Civ. App. 625, 103 S. W. 211, and authorities there cited; Dashner v. Wallace, 29 Tex. Civ. App. 151, 68 S. W. 307; Stewart v. Robbins, 27 Tex. Civ. App. 188, 65 S. W. 902; Foust v. Warren, 72 S. W. 406.

[3] Appellee also cites the case of Fleming v. Seeligson, 57 Tex. 532, in support of the contention that, if the limitation prescribed in article 4648 does not apply to the present suit, yet the statute of limitation of two years does apply. It is a sufficient answer to that contention to say that the statute of limitation referred to in that decision, which was included in Paschal's Digest, has been repealed by subsequent statutes. McLane v. S. A. National Bank, 68 S. W. 65.

For the reasons indicated, appellee's. motion for rehearing is overruled.