**WEST v. DUGGER et al. (No. 285.)**

(Court of Civil Appeals of Texas. Waco. Nov. 12, 1925. Rehearing Denied Dec. 12, 1925.)

1. Time ⊜⇒9(2)—Temporary injunction, staying execution of judgment, held granted before expiration of one year from rendition of judgment.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4648, providing that no injunction to stay execution on valid judgment shall be granted after expiration of one year, day on which judgment was rendered is not included, and, where judgment was rendered May 28, 1924, a temporary injunction, granted May 28, 1925, was granted before expiration of one year.

2. Execution ⊜⇒172(2)—Default judgment, entered by court having no jurisdiction over defendant, not a "valid and subsisting judgment."

A default judgment, rendered by court not having jurisdiction of defendant, is not a "valid and subsisting judgment," within Vernon's Sayles' Ann. Civ. St. 1914, art. 4648, prohibiting injunction staying execution on valid and

subsisting judgment after expiration of one year.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Valid Judgment.]

3. Execution ⊜⇒171(3)—Execution of default judgment restrained, where petition shows on its face that plaintiff entitled to relief.

Where petition to set aside default judgment is made part of petition to enjoin execution thereof, and shows on its face that plaintiff was entitled to have judgment complained of set aside, its execution will be restrained pending final determination of suit on its merits.

4. Judgment ⊜⇒456(2)—Statute prohibiting injunction to stay execution, after expiration of one year, not applicable, where injunction auxiliary to suit to vacate judgment.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4648, prohibiting injunction to stay execution on valid judgment, after expiration of one year, does not apply where such injunction is auxiliary to direct suit based on equitable grounds to vacate such judgment, but period within which such suit may be brought and injunction granted is fixed by Rev. St. art. 5690.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Injunction suit by J. A. West against W. L. Dugger and others to restrain defendants from levying on and selling plaintiff's property under process issued on a default judgment. Temporary injunction was granted, and from order dissolving it on motion of the named defendant, plaintiff appeals. Reversed and remanded.

See, also, 278 S. W. 241.

N. A. Coston and E. C. Street, both of Waco, for appellant.

John McGlasson, W. L. McConnell, Weatherby & Rogers, and Bryan & Maxwell, all of Waco, for appellees.

STANFORD, J. On May 28, 1924, in the district court of McLennan county, Tex., in the case of W. L. Dugger v. Ryan & Fisher Refining & Production Company et al., No. 5795, the plaintiff recovered a judgment by default against J. A. West et al. for $23,906.25. On the 4th day of December, 1924, the said J. A. West, in the district court of McLennan county, brought a suit against W. L. Dugger to set aside and vacate said default judgment in cause No. 5795, said last-named cause being No. 6633, pleading very fully that no citation or other process was ever served on him in said original cause, that he never entered any appearance in said cause, and knew nothing of the pendency of said cause or that judgment had been rendered against him until several months after it had been rendered, etc., and pleaded very fully, showing he had a good defense to the cause asserted against him in said original cause. This last-named

suit No. 6633, to vacate the default judgment in cause No. 5795, was tried during the April, 1925, term of said court, and a verdict instructed against J. A. West, and judgment was rendered refusing to vacate said default judgment against him, from which judgment he appealed to this court. Afterwards execution was issued against appellant, J. A. West, on the default judgment in the original cause No. 5795, and placed in the hands of the sheriff of McLennan county for levy. Appellant then brought this injunction suit to restrain appellees W. L. Dugger and Leslie Stegall, sheriff, from levying upon and selling his property under process issued on said default judgment rendered on said original cause No. 5795, until final disposition is made of cause No. 6633, now pending in this court, to vacate and set aside said judgment. A temporary restraining order was granted in this injunction suit, which in the trial court was No. 7058, but on June 15, 1925, on motion of appellee W. L. Dugger, said temporary injunction, without any evidence being heard, was dissolved, from which order of dissolution this appeal is prosecuted.

### Opinion.

Appellant assigns error to the action of the court in dissolving said temporary injunction. This is the only question involved in this appeal. Appellee did not file an answer, but on June 15, 1925, filed a motion to vacate or dissolve the restraining order theretofore granted, upon two grounds as follows:

"(1) That plaintiff has set out no grounds which would entitle him to have an injunction granted in this cause; (2) because the petition shows that a year has elapsed from the time of the rendition of the judgment in cause No. 5795, the execution of which judgment is sought to be enjoined, therefore under the statutes the plaintiff is not entitled to the relief prayed for."

The record discloses that the court heard no evidence, but heard the pleading read and argument of counsel, and rendered judgment dissolving the temporary injunction. We have examined appellant's petition, and we think it states good grounds for the injunction prayed for, so, if we treat said motion as a general demurrer, as we think we should do, the first ground of said motion should, we think, have been overruled.

[1] The second ground of appellee's motion invoked the one-year statute of limitation contained in article 4648, Vernon's Sayles' Civil Statutes, the material part of which reads as follows:

"No injunction to stay an execution upon any valid and subsisting judgment shall be granted after the expiration of one year from the rendition of such judgment, unless," etc.

It will be observed the statute above referred to inhibits the granting of an injunction after the expiration of one year from the rendition of said judgment. The day on which said judgment was rendered is not included in the one year referred to. The default judgment sought to be enjoined in this cause was rendered May 28, 1924. The one year referred to be the statute did not begin to run until May 29, 1924. The temporary injunction was granted May 28, 1925, so it was granted before the expiration of one year from the rendition of such judgment.

[2] But, aside from what is said above, this is a proceeding to enjoin the enforcement of a judgment during the pendency of a suit to set aside and vacate said judgment upon equitable grounds. If the alleged grounds for setting aside said judgment are true, and they are presumed to be in passing upon the demurrer, then the court rendering said default judgment had acquired no jurisdiction of appellant, defendant in said original cause, and the judgment therein rendered was void, and was not a "valid and subsisting judgment," within the meaning of article 4648. Kimmell v. Edwards et al. (Tex. Civ. App.) 194 S. W. 168; Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 211; Dashner v. Wallace, 29 Tex. Civ. App. 151, 68 S. W. 307; Stewart v. Robbins, 27 Tex. Civ. App. 188, 65 S. W. 902; Foust v. Warren (Tex. Civ. App.) 72 S. W. 406.

[3, 4] Since the petition in the suit to set aside and vacate the default judgment, which is made a part of the petition in this injunction suit, upon its face, shows that in said suit plaintiff is entitled to have the judgment complained of vacated and set aside, it necessarily follows that its execution should be restrained, pending the final determination of said cause upon its merits. Article 4648, Revised Statutes, which inhibits the issuance of an injunction to stay the execution of a valid judgment after the expiration of one year from its rendition, does not apply where such injunction is auxiliary to a direct suit based upon equitable grounds to vacate such judgment, and the period within which such suit may be brought and such injunction granted is fixed by article 5690 of the Revised Statutes. Texas & P. Ry. Co. v. Miller et al. (Tex. Civ. App.) 171 S. W. 1069; Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 211.

The trial court was in error in sustaining appellees' motion to dissolve and in vacating and dissolving said temporary injunction, for which error the judgment of the trial court dissolving said temporary injunction is reversed and said cause remanded.